### COCHRAN *vs.* THE STATE OF GEORGIA.

1. The state cannot inflict capital punishment without first trying the prisoner according to law. It is expressly commanded by statute (Code, §4679,) that the panel shall be put upon the accused. This proceeding cannot lawfully be omitted where in due time the prisoner's counsel gives fair notice that he waives nothing.

2. Only for failure to put the second panel of jurors upon the prisoner, is a new trial ordered. All the other grounds of the motion were properly overruled.

Criminal law. Jury. Practice in the Superior Court. Before Judge POTTLE. Jasper Superior Court. October Adjourned Term, 1878.

Cochran was placed on trial for the murder of Greer, and convicted. He moved for a new trial upon the following, among others grounds:

Because the court erred in permitting the second panel of jurors, twenty-four in number, to be put on defendant without having first given him an opportunity to challenge the same.

In reference to this ground the court remarks that after the first panel had been exhausted, a new panel or list with twenty-four names was handed to prisoner's counsel. No formal array was put upon the prisoner, and the court said, "if no objection to the array was made, it would consider it waived." To which counsel replied, "We waive nothing." The court said, "Some things are considered waived by silence." No objection to the array was made and the case proceeded as usual.

47

The motion was overruled and defendant excepted.

EUGENE S. BARTLETT; BOLLING WHITFIELD, for plaintiff in error.

ROBERT WHITFIELD, solicitor-general, by JACKSON & LUMPKIN, for the state, cited 47 *Ga.*, 598, 607; 22 *Ib.*, 546, 557; 27 *Ib.*, 287, 289, 294.

BLECKLEY, Justice.

1. "When any person shall stand indicted for any offense which upon conviction may subject him to the punishment of death, or to imprisonment in the penitentiary, it shall be the duty of the court to have impaneled forty-eight jurors, twenty-four of whom shall be taken from the two panels of petit jurors, from which to select the jury for the trial of such offense; and in the event the jury cannot be made up of such panel of forty-eight, the court shall continue to furnish panels, consisting of such numbers of jurors as the court, in its discretion, may think proper, until a jury is obtained." Code, §3935. "The clerk shall make out three lists of each panel, and furnish one to the prosecuting counsel, and one to the counsel for the defense. The clerk shall then call over the panel, and it shall be immediately put upon the accused." *Ib.* §4679. "The accused may, in writing, challenge the array for any cause going to show that it was not fairly or properly impaneled, or ought not to be put upon him, the sufficiency of which challenge the court shall determine at once." *Ib.*, §4680. And see 1 Chit. Cr. Law, 532. Those who are impatient with the forms of law ought to reflect that it is through form that all organization is reached. Matter without form is chaos; power without form is anarchy. The state, were it to disregard forms, would not be a government, but a mob. Its action would not be administration, but violence. The public authority has a formal embodiment in the state, and when t moves, it moves as it has said by its laws it will move.

It proceeds orderly, and according to pre established regulations. The state, though sovereign, cannot act upon the citizen in a different manner from that which the laws have ordained. It cannot inflict capital punishment without first trying the prisoner according to law. There is no dispensing power. Courts have none. Courts are bound by the law no less than the prisoner at the bar. The statute which requires each panel to be put upon the prisoner is imperative, mandatory. No court has a right to disregard it. The words are plain, and there is no reason why they should not be obeyed, and none why any waiver should be called for or assumed. Certainly none can be assumed in face of a timely warning by the prisoner or his counsel that he waives nothing. If the requirement of the statute needed vindication, we might insist that putting the array upon the prisoner is not mere form, but is of the substance of the proceedings. It is the ancient mode of commanding his attention to the *personel* of the panel, and of warning him to exercise the right of challenge. But it is enough that the statute leaves no discretion, declaring, as it does, that the panel " shall be inmediately put upon the accused." Where is any authority of law for hanging a man who expressly declines to waive his rights or any of them, without complying with this requisition? Why try him at all, if he is not to be tried as the law prescribes?

2. The other grounds of the motion for a new trial were properly overruled. We differ with the presiding judge only as to the point we have discussed. On that alone a new trial is ordered.

' Judgment reversed.