## 21543. LIFE INSURANCE COMPANY OF GEORGIA v. BURKE.

MOBLEY, Justice. Upon careful examination of the record and mature consideration of the application for certiorari, we have reached the conclusion that the certiorari (104 Ga. App. 865, 123 SE2d 426) was improvidently granted, and it is accordingly

Dismissed. *All Justices concur, except Duckworth, C. J., and Candler, J., who are disqualified, and Quillian, J., who dissents.*

ARGUED FEBRUARY 12, 1962—DECIDED MARCH 8, 1962— REHEARING DENIED MARCH 23, 1962.

*Clement E. Sutton, J. Lon Duckworth, Jason B. Gilliard,* for plaintiff in error.

*Walton Hardin,* contra.

## ON REHEARING.

1. After the decision was rendered in this case and upon motion for rehearing, petitioner in certiorari, Life Insurance Company of Georgia, for the first time in the consideration of the case requested that a full bench of seven Justices be impaneled to render a decision in the case. After denial of the motion for rehearing, counsel filed a motion for reconsideration of the denial of the motion for rehearing on the sole ground that the case was decided without a full bench of seven Justices.

This case came to this court on the grant of a certiorari to the Court of Appeals. Prior to oral argument of the case in this court, Chief Justice Duckworth and Justice Candler disqualified themselves from participation in the case. Upon the call of the case for oral argument, with counsel for both parties present, the Chief Justice announced his and Justice Candler's disqualification and both retired from the courtroom. Counsel for neither of the parties indicated a desire for the case to be heard by a full bench of seven Justices, as is required by the rules of this court when such is desired. *Code Ann.* § 24-4531.

The Constitution of Georgia of 1945 (*Code Ann.* § 2-3701) provides that the Supreme Court shall consist of seven Associate

Justices and that "a majority of the court shall constitute a quorum." A majority of the court, or four Associate Justices, have, without question, authority to render judgment and such a judgment would not be invalid or void because the places of the disqualified Justices were not filled and the case was not decided by a full bench of seven. This court in *Gibbs v. Milk Control Board*, 185 Ga. 844, 851 (196 SE 791) on motion for rehearing held: "The fact that only four Justices participated in the decision, two being disqualified, and that the disqualifications were unknown until after the decision, does not necessarily and as a matter of law require that the judgment be vacated in order that the places of the disqualified Justices may be filled and the case reheard, the judgment not being void; although such facts might afford discretionary grounds for such action by the court. Since three Justices are satisfied that the decision is correct, and since in these circumstances there is no likelihood that the judgment of affirmance would be changed if the vacancies were filled, the judgment is adhered to so far as this ground is concerned."

In the present case five of the seven Justices participated, four concurring in the judgment and one dissenting, and all are of the same opinion still. Since there is no likelihood of a change in the judgment of the court, the original judgment is adhered to so far as this ground is concerned.

2. It does not otherwise appear that the judgment should be vacated.

*Judgment adhered to. All the Justices concur except Quillian, J., who dissents from note 2, and Duckworth, C. J., and Candler, J., who are disqualified.*