25208. FIFE v. JOHNSTON et al.

DUCKWORTH, Chief Justice. In considering the constitutional attack on *Code Ann.* § 6-701, we find that the right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts. The Constitution (*Code Ann.* § 2-3704) vests in the General Assembly the power to "prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." Whether wise or unwise, as long as the Act does not offend the Constitution, courts must abide by it. Thus the Constitution gives the General Assembly the authority to enact laws placing conditions upon appeals. The legislature in the Appellate Practice Act (*Code Ann.* § 6-701; Ga. L. 1965, p. 18; 1968, pp. 1072, 1073), requires that: (1) the judgment must be final and, (2) the cause no longer pending in the court below in order to appeal. It then authorizes appeals from certain other judgments and upon the certification of the judge within ten days that a judgment not otherwise subject to direct appeal is of such importance to the case that immediate review should be had, then appeal is allowed from judgments that leave the cause pending. In this case where the verdict was for $100,000, the judge granted the defendant's motion for a new trial thus leaving the case pending and then refused to certify within ten days that his judgment was of such importance to the case that immediate review should be had, thereby shutting off a review of his ruling, although a reversal on appeal would have terminated the case and another costly trial would have been avoided. Cruel though it was for the law to thus authorize a judge to deprive the loser of a right to appeal, we cannot say the law is unconstitutional. Therefore, the appeal not being authorized, we have no choice but to dismiss it.

*Appeal dismissed. All the Justices concur.*

ARGUED JUNE 12, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 24, 1969.

*Beryl H. Weiner, John R. Strother, Jr.,* for appellant.

*James O. Goggins, Gambrell, Russell, Moye & Killorin, Edward W. Killorin, J. Arthur Mozley,* for appellees.