## 25866. HANCOCK v. BOARD OF TAX ASSESSORS OF HARRIS COUNTY et al.

FELTON, Justice. Ga. L. 1969, p. 942, amending *Code Ann.* § 92-6912 (Ga. L. 1913, pp. 123, 127, as amended) so as to provide an appeal to the superior court from the decision of arbitrators, does not make that statute violative of the equal-protection or due-process clauses of the Georgia Constitution, Art. I, Sec. I, Par. II and Par. III *(Code Ann.* §§ 2-102, 2-103) on the ground that the taxpayer is denied an appeal when the difference between the valuations of the board of tax assessors and of the arbitrators does not exceed $1,000. *Code Ann.* § 92-6912 was held to be constitutional even before the 1969 amendment provided for such appeal. McGregor v. Hogan, 263 U. S. 234 (44 SC 50, 68 LE 282) ; *Vestal v. Edwards,* 143 Ga. 368 (1) (85 SE 187) ; *Barnes v. Watson,* 148 Ga. 822 (2) (98 SE 500). The right of appeal in Georgia is not absolute. *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 167). There is no section of the Constitution which specifically provides for an appeal. *Smith v. Duggan,* 153 Ga. 463, 467 (112 SE 458). The State Constitution provides that the superior courts shall have appellate jurisdiction in such cases as the General Assembly may by law provide. Const., Art. VI, Sec. IV, Par. IV *(Code Ann.* § 2-3904). Furthermore, the Constitution gives the General Assembly the authority to enact laws placing conditions upon appeals. *Fife v. Johnston,* supra. The due-process clause does not "guarantee to the citizen of the State any particular form or method of State procedure. Its requirements are satisfied if he has reasonable notice and opportunity to be heard, and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." *Zorn v. Walker,* 206 Ga. 181 (2) (56 SE2d 511) and cit. This question has been considered by the Court of Civil Appeals in Texas, where it was held: "Even if the right thus given may appear to be more

beneficial to the defendant than to the plaintiff, such fact would not operate to deny the equal protection of the law, within the meaning of the constitutional guaranty. It has often been determined that a statute does not deny equal protection merely because certain persons may derive special benefits, where *all persons within its purview are subject to like conditions.*" (Emphasis supplied.) Beacon Lumber Co. v. Brown, 14 SW2d 1022 (Texas Civ. App., 1929). See also Brown v. Grant, 119 SW2d 185 (Texas Civ. App. 1938); Keils v. Waldron, 240 SW2d 788 (Texas Civ. App., 1951). The condition placed by the General Assembly upon appeals in this statute is imposed equally on both parties.

Therefore, the trial court did not err in its order overruling the appellant Harris County taxpayer's motion, based on the above constitutional attacks, to dismiss the appeal of the appellee, Board of Tax Assessors of Harris County, from the decision of arbitrators assessing appellant's taxable property in that county at a figure lower than the board's assessment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 8, 1970—DECIDED JULY 9, 1970.

*E. Mullins Whisnant,* for appellant.

*W. B. Steis, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for appellees.