### 47929. ROSE v. THE STATE.

STOLZ, Judge. At the call of the appellant's case for trial on two separate charges of criminal trespass (Code Ann. § 26-1503; Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859), the trial judge, after informing the appellant and three others indicted for the same offense as to the legal effect of the pleas which they could enter, asked, "I assume you don't have lawyers?" All four of the accuseds, including the appellant, answered in the negative, whereupon the judge told them, "Well, you will *have* to represent yourselves. What is it y'all want

to do?" The appellant, as well as the others, answered that he wanted to plead "not guilty." In response to the judge's question, "Do you want to be tried by a jury or the judge?" all chose trial by the judge, after which all of the cases were tried together before the judge without a jury.

Following his conviction on both accusations and sentences of 7 months' imprisonment on each, the appellant, by retained counsel, filed motions for new trial on the three usual general grounds in both cases. Both motions were overruled, and the appeal is from the judgment of conviction and the sentences. *Held:*

The appellant had a constitutional right to be represented by counsel in his trial on misdemeanor charges. Argersinger v. Hamlin, 407 U. S. 25. "The constitutional guarantees of the benefit of counsel to a defendant in the trial of a criminal proceeding both Federal (Art. 6 and the Fourteenth Amendment, U. S. Constitution), and State (Art. I, Sec. I, Par. V; Code Ann. § 2-105, Constitution of 1945) may be waived by the defendant." *Williams v. Gooding,* 226 Ga. 549 (1) (176 SE2d 64) and cit. The presumption, however, is against waiver, which must be done voluntarily, knowingly and intelligently. *Pitts v. State,* 226 Ga. 878 (1) (178 SE2d 177); *Campbell v. State,* 128 Ga. App. 74 (1), citing Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461, 146 ALR 357); Boyd v. Dutton, 405 U. S. 1 (92 SC 759, 30 LE2d 755); Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70); Von Moltke v. Gillies, 332 U. S. 708, 723 (68 SC 316, 92 LE 309); Phillips v. Smith, 300 FSupp. 130.

The record shows that the appellant was not asked if he desired counsel at all, but was told by the court that he would have to represent himself. There was no investigation or express determination as to whether he could afford counsel. This does not meet the constitutional requirements. It must be affirmatively

shown that the court furnished the accused with the necessary information upon which the accused could make a voluntary, knowing and intelligent decision regarding his right to counsel. The portion of the record previously quoted reveals that this was not done.

The appellant's right to counsel includes the benefit of counsel at all the critical stages of the case and sufficiently prior to the trial for adequate preparation. *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691). The denial of this right is presumed to have been harmful, requiring a new trial. *Dismuke v. State,* 127 Ga. App. 835.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED MARCH 1, 1973.

*Charles Clements, Jr.,* for appellant.
*William M. Campbell, Solicitor,* for appellee.