## 48824. GEORGIA POWER COMPANY v. HENDRICKS et al.

STOLZ, Judge. This is an appeal by the condemnor from a judgment on a verdict in condemnation proceedings for power line rights-of-way. *Held:*

1. Enumerations of Error 1 and 2 are without merit. The verdict was authorized by the evidence.
2. Enumeration of Error 3. While the portions of the charge complained of, taken out of context, may constitute error, when considered as a whole, the charge does not permit the award of the value of the easement to the condemnor, Georgia Power Co., as contended by the appellant.
3. Enumeration of Error 4. Here complaint is made of portions of the charge instructing the jury to award the condemnees (1) "the value of the property taken," (2) on the basis of the "amount of land taken" even though only an easement was taken. Again, the portions of the charge are taken out of context. It is quite true that a court should not charge on the value of land actually taken when no land is being taken but only an easement is being condemned. *Ga. Power Co. v. Livingston,* 103 Ga. App. 512 (4b) (119 SE2d 802). However, in this case there was controversy as to the number of acres contained within the easement being condemned and the phrase, "the amount of land taken," was used by the trial judge in connection with the jury's making a determination of the size of the "property or the easement

taken." Likewise, the phrase, "value of the property taken," is taken out of context. Review of the charge shows that this portion of the charge was directed toward the jury's determination of the amount of the condemnee's actual damages. Instructions on consequential damages immediately followed. No reversible error is shown.

4. Enumeration of Error 5. Complaint is made of the following excerpts from the charge regarding the elements of damages: "First is the market value of the *leasehold* of the easement actually taken by the condemnor. . ." and "the question to be determined by the jury is the amount to be awarded to the condemnees as compensation for the easement taken and consequential damages, if any, to the remainder of the *leasehold.*" Counsel for both the condemnor and condemnees excepted to the word "leasehold" being given in charge. A review of the record does not reveal a contention by either party that a "leasehold" is involved in the condemnation. There was no evidence pertaining to a leasehold. The trial judge did give a correct charge on damages near the conclusion of his charge. Obviously, it would have been appropriate for the judge to have had the jury returned to the courtroom and corrected the error. Since he did not, it becomes this court's responsibility to weigh the mistake and determine if it was of sufficient magnitude to require a new trial. On balance, we feel that it does not. First, if the error complained of was harmful, it was to the condemnee, not the condemnor, as it would tend to diminish the value of the property taken (leasehold versus fee). Secondly, while litigants are entitled to a *fair* trial, they are not necessarily entitled to a *perfect* trial. *Sanford v. State,* 129 Ga. App. 337 (3) (199 SE2d 560) and cit. The record here indicates that the case was thoroughly tried. All parties had the assistance of excellent counsel. We are unable to see how the ends of justice would be served by requiring a new trial on these grounds. The law favors an end to litigation. *Allen v. Southern Insurance Securities Corp.,* 54 Ga. App. 316 (1) (187 SE 714) and cits.

5. Enumeration of Error 6. The failure to give condemnor's written request to charge No. 2 was not reversible error where the judge charged the same principles of law in other language. *Young v. State,* 226 Ga. 553, 556 (176 SE2d 52); *Jackson v. Miles,* 126 Ga. App. 320, 321 (190 SE2d 565).

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

Argued January 15, 1974 — Decided January 31, 1974.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., James G. Maddox,* for appellant.
*Smith & Harrington, Will Ed Smith,* for appellees.