## 28459. McAULIFFE v. RUTLEDGE.

JORDAN, Justice. This is an appeal from the judgment of the trial court in a habeas corpus case.

On the prior appearance of this case in this court, *McAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100), this court passed on certain enumerations of error from a habeas corpus hearing in which the appellant was remanded to the custody of the sheriff, and then raised the question of "whether the appellant has been denied effective assistance of counsel on appeal resulting in a denial of his right of appeal on the merits of the criminal case." We directed the trial court to conduct an evidentiary hearing on the question.

Upon remand the trial court conducted such an evidentiary hearing and a transcript thereof is included in the record in the present appeal. The record shows without dispute that the attorney who represented the petitioner at his trial and at every stage thereafter, including this appeal, was retained by the

petitioner; has practiced law in the State of Georgia since 1969; has participated in several hundred criminal cases during such time; is considered highly competent by the court and district attorney; and that he handles approximately 30 percent of the criminal trials conducted in that court. On the basis of such evidence the trial court concluded that the appellant was at all times represented by competent and diligent counsel, which holding is enumerated as error. *Held:*

Though the evidence in this record supports a conclusion that appellant's attorney is experienced in the criminal field and bears a good reputation generally, we must look to his actions in this particular matter to determine whether or not he rendered effective assistance to this particular client upon appeal after conviction. Based on his failure to obtain a timely extension of time for filing the transcript, the appeal on motion of the district attorney was dismissed by the trial court. That ruling was affirmed by the Court of Appeals in *McAuliffe v. State,* 127 Ga. App. 249 (193 SE2d 219). As pointed out by the Court of Appeals in that case, the attorney was under the "duty to make a timely application as the statute requires." Failure to perform this duty resulted in the dismissal of the appeal and the denial to appellant of a review of his conviction. The result to the appellant was the same as though the attorney had abandoned the appeal or otherwise failed in his role of advocate on appeal. An attorney who through negligence, ignorance, or misinterpretation of the law as contended here, fails to perform routine duties resulting in a dismissal of his client's appeal, thereby denying such client a right of review after conviction cannot be said to be rendering effective assistance. The result is the same as no assistance at all. Whether counsel was retained, as here, or appointed by the court, is immaterial.

The attorney for the appellant in this case is in the unenviable position of contending that his own conduct deprived his client of effective assistance of counsel. Under the facts of this case, in which his client lost his right of appellate review by such conduct, we must agree with his contention.

We therefore hold that the appellant was indeed denied effective assistance of counsel in attempting to appeal his conviction. We reverse with direction that the appellant be allowed, if he so desires, to file an out of time appeal to the proper appellate court within 30 days from the date the remittitur from this court is filed in the trial court.

*Judgment reversed with direction. All the Justices concur.*
SUBMITTED JANUARY 14, 1974 — DECIDED FEBRUARY 18, 1974.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney, William J. Smith,* for appellee.