## 49794. MINGO v. THE STATE.

STOLZ, Judge.

Michael Mingo was tried and convicted November 15, 1973 of the offense of selling heroin. His motion for new trial was overruled January 4, 1974, on January 31 he filed a notice of appeal, and on March 1, 1974, applied for an extension of time within which to file the transcript of the evidence. An order was entered granting an extension of 30 days.

On April 8, 1974, the state moved to dismiss the appeal on the ground that the transcript had not been filed and that no timely application had been made for an extension. A rule nisi was issued and a hearing set on the motion for April 19, 1974, but was continued until May 17, 1974, when, after hearing, the motion was granted and the appeal was dismissed by order of Hon. J. Alvan Davis, Judge of Muscogee Superior Court, wherein the matter pended.

From the order of dismissal this appeal was entered, and error is enumerated on the ground that the defendant had been denied the effective assistance of counsel in the perfection of his appeal. No transcript of the hearing held on the motion to dismiss has been sent up and we have nothing before us but the order. *Held:*

Under Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21) extensions of time for the filing of transcript of the evidence and proceedings on appeal, may be granted if made before the expiration of the period for filing as originally prescribed or as extended by a permissible previous order. See *Fahrig v. Garrett,* 224 Ga. 817 (165

SE2d 126). It has been held that orders granting such extensions of time cannot be granted nunc pro tunc on a delayed application. *Baxter v. Long,* 122 Ga. App. 500 (177 SE2d 712).

The verbiage of the statute and the cases cited construing it, are clear and we would affirm the trial court in this case but for controlling authority from our Supreme Court. In *McAuliffe v. Rutledge,* 231 Ga. 745, 746 (204 SE2d 141), a habeas corpus case whose facts are compellingly similar to those before us, it was held: "Failure to perform this duty [timely filing the transcript] resulted in the dismissal of the appeal and the denial to appellant of a review of his conviction. The result to the appellant was the same as though the attorney had abandoned the appeal or otherwise failed in his role of advocate on appeal. An attorney who through negligence, ignorance, or misinterpretation of the law as contended here, fails to perform routine duties resulting in a dismissal of his client's appeal, thereby denying such client a right of review after conviction [,] cannot be said to be rendering effective assistance. The result is the same as no assistance at all. Whether counsel was retained, as here, or appointed by the court, is immaterial."

The effect of the holding in *McAuliffe,* supra, is to render impotent, time requirements in criminal procedures, both trial and appellate. It opens a Pandora's box wherefrom, under various guises, *calculated ineffectiveness* can become the cornerstone of the defense in each criminal case. To say the least, another mile has been added to the judicial process, which was already a painfully long and difficult journey. The law is nothing more than the rules under which people live in an orderly society. In theory, at least, the law is equally applicable to all. Certain laws — rules of procedure — govern the way and manner in which cases are processed through the judicial system. These laws or procedures are essential to the orderly functioning of our courts. They too should apply to all. The Supreme Court and this court have uniformly applied them in civil cases. It now appears that there is a different set of rules for the accused in criminal cases — that is, no rule at all where

timely action is required. This type of inconsistency undermines the basic credibility of the judicial system. To require timely action for the accused by his counsel does not deprive the accused of his constitutional rights. These rights are afforded throughout the judicial process. It is incumbent upon the accused or his counsel *to exercise* these rights within the time span required by our laws or thereby forfeit them. Would it seriously be argued that, if this had been an appeal by the state which had been dismissed for failure to timely file the transcript, the rights of the people of the state would have been protected in such a manner? We think not. We must recognize that generally all rights can be waived. Code § 102-106. This may be done by the accused where such is "done voluntarily, knowingly and intelligently." *Rose v. State,* 128 Ga. App. 370, 371 (196 SE2d 683) and cits. It may be done by counsel for the accused by failure to act timely or not act at all. Our Constitution requires that all persons accused of criminal offenses be given a *fair trial.* It does not require a *perfect trial. Ga. Power Co. v. Hendricks,* 130 Ga. App. 733, 734 (4) (204 SE2d 465). Our courts have interpreted this constitutional right to extend to an appeal. Does *McAuliffe,* supra, mean that the convicted accused is entitled to a perfect appeal? or perfect timeliness by counsel in the processing of the appeal? It should not. The accused at trial and the convicted accused after trial, should be bound by the acts and omissions of their counsel as is the state, which represents the people generally. To rule otherwise, cannot help but be construed as giving preferential treatment to one group at the expense of another.

Nevertheless, under the mandate of *McAuliffe v. Rutledge,* supra, we must hold that the appellant was denied effective assistance of counsel in attempting to appeal his conviction. We reverse with direction that the transcript of the proceedings be allowed filed and that the appellant's appeal be routinely processed thereafter.

*Judgment reversed with direction. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED OCTOBER 1, 1974 — DECIDED OCTOBER 31, 1974 — REHEARING DENIED NOVEMBER 22, 1974 —

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.

ON MOTION FOR REHEARING.

The state urges that this court in its opinion has overlooked the statutory law of this state in reaching its decision. Specifically cited are Code Ann. § 6-806 (Ga. L. 1965, pp. 18, 26), Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21), and Code Ann. § 24-3611 (Court of Appeals, Rule 11). This court is most aware of these statutes, but is constitutionally bound by the decisions of the Supreme Court of Georgia. Art. VI, Sec. II, Par. VIII of the Constitution of Georgia (Code Ann. § 2-3708).

The state also urges that this court in its opinion erroneously construed and misapplied the opinion of the Supreme Court in *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141). The state points out that *McAuliffe* was the result of a denial of a writ of habeas corpus and followed a full hearing in the superior court on the issue of effectiveness of counsel. Again, we are aware of this fact and were aware of the decisions of the Supreme Court in *McAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100). However, it seems utterly illogical that this court should ignore the clear import of *McAuliffe* and affirm the trial court. Such would simply precipitate the filing of a petition for habeas corpus in the trial court which would inevitably result in its being granted pursuant to the Supreme Court's decision in *McAuliffe,* 231 Ga. 745, supra. This further protraction of the judicial process would merely add to the burden of the trial court and serve no useful purpose.

In reflecting on our opinion and the opinion of the Supreme Court in *McAuliffe,* we are reminded of the opinion and philosophy of one of Georgia's most gifted jurists, Justice Logan Bleckley. In *Cochran v. State,* 62 Ga. 731, 733, Justice Bleckley wrote: "Those who are impatient with the forms of law ought to reflect that it is through form that all organization is reached. Matter without form is chaos; power without form is anarchy.

The state, were it to disregard forms, would not be a government, but a mob. Its action would not be administration, but violence. The public authority has a formal embodiment in the state, and when it moves, it moves as it has said by its laws it will move. It proceeds orderly, and according to pre-established regulations. The state, though sovereign, cannot act upon the citizen in a different manner from that which the laws have ordained. It cannot inflict capital punishment without first trying the prisoner according to law. There is no dispensing power. Courts have none. Courts are bound by the law *no less than a prisoner at the bar."* (Emphasis supplied.)

That the prisoner at the bar is bound by the law, seems to have been lost in the 95 years that have elapsed from the Supreme Court's decision in *Cochran* to its decision in *McAuliffe.*

"[T]he right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts. The Constitution (Code Ann. § 2-3704) vests in the General Assembly the power to 'prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals.' Whether wise or unwise, as long as the Act does not offend the Constitution, courts must abide by it. Thus the Constitution gives the General Assembly the authority to enact laws placing conditions upon appeals." *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 167). See also *State v. Hollomon,* 132 Ga. App. 304, 306 (208 SE2d 167).

In *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530), our Supreme Court again construed Art. VI, Sec. II, Par. IV of the Georgia Constitution (Code Ann. § 2-3704) in a case where the appellee moved to dismiss an appeal on the ground that a notice of appeal was not filed within the required 30-day period from the filing of the judgment. The Supreme Court held on p. 344: "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court," and dismissed the appeal. We again note that the same rule applies in both civil and criminal appellate procedures, to both plaintiff and defendant in

the former, and to both the state and the accused in the latter. Prior to its decision in *McAuliffe,* supra, the Supreme Court in *Brown v. State,* 223 Ga. 540, 543 (156 SE2d 454) denied the appellant's motion that the record be withdrawn and returned to the trial court until a transcript of the evidence and the proceedings is filed therein. In *Brown,* supra, a 12-1/2-year-old juvenile was charged with five cases of arson. In rendering its decision, the Supreme Court noted: ". . . the record shows the transcript of evidence and proceedings for purposes of this appeal has not been filed as provided by law nor can it be filed now for consideration by this court. Accordingly, this court is not presented with the evidence in the case, or the ruling of the court, if any, on the motion to 'quash the complaint.' This is a court for the correction of errors only, and where consideration of the errors enumerated is dependent on the transcript of evidence and proceedings, this court has nothing to review without such transcript." The only possible difference between *Brown* and *McAuliffe* is that the issue of "effective assistance of counsel" was not raised in *Brown.* Does *McAuliffe* mean that the defendant in *Brown* can renew his appeal based on *McAuliffe?* It should not. However, this is but one of the "ill winds" that will be released from the "Pandora's Box" of *McAuliffe.* We are reminded that at various points in the processing of a criminal case the accused must act if certain defenses or rights are to be effectuated. Thus, a demurrer to the indictment, challenges to the jury array and poll, a motion to suppress, objection to the admissibility of evidence, motion for mistrial, motion for new trial and notice of appeal — each and all must be done within a prescribed time. If the law doesn't bind the defendant to timely file the transcript, is the defendant excused from the timely assertion of all other rights and defenses? To so hold, disembowels the principle stated by Justice Bleckley that public authority "proceeds orderly and according to pre-established regulations," (*Cochran v. State,* supra) and hurls our courts over the precipice into the abyss of judicial anarchy.

The potential for harm, mischief and chaos in criminal procedure, both trial and appellate, does not

escape us. We are simply powerless to do anything but apply the *McAuliffe* rule to the facts before us. If the state is to obtain relief, it must do so in a higher court.

*Rehearing denied.*