## 30269. REED v. HOPPER.

UNDERCOFLER, Presiding Justice.

This court granted a certificate of probable cause in this habeas corpus case to determine the constitutionality of the 1975 Habeas Corpus Act. Ga. L. 1975, pp. 1143, 1145, Sec. 3 (11 a, b).

1. The appellant contends that the 1975 Habeas Corpus Act is unconstitutional because it violates Art. I, Sec. I, Par. IV of the 1945 Constitution which provides: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." Code Ann. § 2-104.

There is no merit in this contention. The appellant was not denied his right to prosecute his cause in the habeas corpus court. The questions raised in this case deal only with Section 3 of the 1975 Act regarding appeals from the habeas corpus court.

2. The appellant contends that the 1975 Habeas Corpus Act violates Art. I, Sec. I, Par. XI of the 1945 Georgia Constitution which provides that, "The writ of Habeas Corpus shall not be suspended." Code Ann. § 2-111. There is no merit in this contention. The writ of habeas corpus has not been suspended in this state.

3. The appellant contends that the appellate courts are required to entertain all appeals submitted to them by virtue of Art. VI, Sec. II, Par. IV of the 1945 Constitution. Code Ann. § 2-3704.

This article of the Constitution of Georgia vests the General Assembly with power to "prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." Code Ann. § 2-3704. "Whether wise or unwise, as long as the Act does not offend the Constitution, courts must abide it. Thus the Constitution gives the General Assembly the authority to

enact laws placing conditions upon appeals." *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 167); *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530). Compare *Griffin v. Sisson,* 146 Ga. 661 (92 SE 278); *Ga. R. & Bkg. Co. v. Redwine,* 208 Ga. 261 (2) (66 SE2d 234); *Hancock v. Bd. of Tax Assessors of Harris County,* 226 Ga. 570 (176 SE2d 102).

It follows that the Act providing that this court may refuse to entertain a habeas corpus appeal for lack of probable cause is not unconstitutional.

4. The appellant argues further that the Act is unconstitutional because it allows one Justice of this court to grant or deny the application of probable cause.

Article VI, Sec. II, Par. I of the 1945 Constitution provides that the Supreme Court shall consist of seven Associate Justices and that a "majority of the court shall constitute a quorum." Code Ann. § 2-3701. "A majority of the court, or four Associate Justices, have, without question, authority to render judgment . . ." *Life Ins. Co. of Ga. v. Burke,* 217 Ga. 742, 743 (125 SE2d 48).

The provision of the 1975 Habeas Corpus Act which provides that one Justice can grant or deny the application of probable cause for appeal is unconstitutional. However, this does not render the entire Act unconstitutional. In *Elliott v. State,* 91 Ga. 694, 696 (17 SE 1004) this court said: "When a statute cannot be sustained as a whole, the courts will uphold it in part when it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment, if, after the objectionable part is stricken, enough remains to accomplish that purpose. But if the objectionable part is so connected with the general scope of the statute that, should it be stricken out, effect can not be given to the legislative intent, the rest of the statute must fall with it." Accord, *Fortson v. Weeks,* 232 Ga. 472, 474 (208 SE2d 68). The legislative intent in passing the 1975 Act was to require a judicial certification of probable cause as a prerequisite to appeal in a habeas case decided adversely to a petitioner and to establish the procedure for obtaining such certification and for pursuing such appeal. The unconstitutional portion of this Act is not so connected with the general

scope of the statute that the legislative intent cannot be accomplished.

Since April 24, 1975, when the 1975 Habeas Corpus Act became effective, applications for probable cause have been decided by this court sitting as a body and by a quorum of the Justices. Therefore, the legislative intent can be effectuated by this court.

5. The 1975 Habeas Corpus Act provides in Sec. 3 (11c) that if the trial court finds in favor of the petitioner, no certificate of probable cause need be obtained by the respondent as a condition precedent to appeal.

The appellant contends that this provision of the Act denies him equal protection under the law since the respondent does not need a certificate of probable cause to appeal a finding in favor of the petitioner.

The constitutional guaranty of equal protection requires that all persons shall be treated alike under like circumstances and conditions. Code §§ 2-102, 1-814. However, it does not prevent a reasonable classification relating to the purpose of the legislation. Here we find the right to appeal adverse decisions of the habeas corpus court given to the respondent warden and the petitioner prisoner is a reasonable classification. If for no other reason, a judgment adverse to the warden reverses the sentence already imposed and presumed to be legal and will require further proceedings by the state. On the other hand, a judgment adverse to the prisoner reaffirms the sentence. Under these circumstances giving the warden a right to appeal and giving the prisoner the right to appeal upon a showing of probable cause is not a denial of equal protection of the law.

6. The contention of the appellant that a denial by this court of a certificate of probable cause would not be an exhaustion of state remedies is without merit.

7. We have reviewed the errors asserted against the judgment of the habeas corpus court and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who dissent.*

ARGUED SEPTEMBER 4, 1975 — DECIDED SEPTEMBER 16, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*Joel A. Willis, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.

JORDAN, Justice, dissenting.

1. The doctrine of "selective review," created by Section 3 of the 1975 Habeas Corpus Act, is a dangerous one and is clearly unconstitutional. This doctrine, taken to its extreme, could effectively thwart the purpose for which this court was created, i.e., to correct errors of law in the trial courts. If this Act is constitutional, then the doctrine of selective review could be extended to all cases falling within the jurisdiction of this court. Indeed, a "sister" Act passed at the same session of the General Assembly has extended the doctrine to all interlocutory appeals. Ga. L. 1975, p. 757.

As the case load of the appellate courts continues to increase, other such legislation will be sought by those amongst us who consider the idea of limited appeal as an answer to this problem. Whatever the answer, I do not believe that it lies in this direction. Seven "lazy" or incompetent judges, by failing to find probable cause in any case, could thereby abolish appellate review. In my opinion, when this court was created in 1845, it was the intent of the General Assembly and the people to create a court in which litigants in the trial courts would have the right to have errors of law in the trial courts reviewed and corrected by this court. The Act here under review is an erosion of this right and is utterly inimical to our system of jurisprudence in this state.

The majority opinion is bottomed on the language in our Constitution (Code Ann. § 2-3704) which vests the General Assembly with power to "prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." Pursuant to this authority the General Assembly has imposed conditions relating to the time for filing an appeal, the payment of costs (or by pauper's affidavit), the filing of an appeal before final judgment, and other conditions or restrictions

dealing solely with the *methods and mechanics* of "carrying cases" to an appellate court. But could it be said that under this authority the General Assembly could impose "conditions" which would allow only blacks, or blind people, or those over 30, or white protestants to appeal? Clearly not. Yet, under this Act, those persons seeking the aid of the Great Writ have been denied the right to appellate review unless given permission by the reviewing court.

In my opinion it was not the intention of this language in the Constitution to allow the General Assembly to impose "conditions" which tend in any manner to erode, eliminate, or emasculate the *substantive* right of appeal. In other words, the General Assembly can provide the rules for the game, but they cannot eliminate the game or call it off. For them to have such power would be a gross abuse of the separation of powers doctrine.

The majority opinion relies on two cases, *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 167) and *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530), as authority for the apparent holding that the General Assembly can impose any "conditions" on the right of appeal which it deems proper. These cases are not authority for such a broad holding. The *Fife* case merely upheld that portion of the Appellate Practice Act which restricted *interlocutory* appeals unless certified within ten days for immediate review. The *Jordan* case upheld that part of the Appellate Practice Act which required a notice of appeal to be filed within 30 days after entry of the appealable judgment. Both cases cited Art. VI, Sec. II, Par. IV of the Constitution (Code Ann. § 2-3704) as the authority for so holding. However, these cases dealt only with the time and method of "carrying cases" to the appellate court and in no way affected or tampered with the substantive right to appeal.

One of the most precious rights in our Constitution provides that "No person shall be deprived of the *right* to prosecute or defend his own cause in *any* of the courts of this State, in person, by attorney, or both." Code Ann. § 2-104. (Emphasis supplied.) The majority opinion says the Act does not violate this provision of the Constitution since "the appellant was not denied his right to prosecute

his cause in the habeas corpus court." I dare say that when the Constitution used the language *"any court"* that it included the Honorable Supreme Court of the State of Georgia.

The holding of the majority in this case gives the General Assembly unlimited and unbridled authority to impose "conditions" on the right of appeal which could lead to the practical abolition of this court and the Court of Appeals by a simple Act of that body. This unauthorized action by the General Assembly, approved by this court, could sound the death knell of appellate review in Georgia.

2. I further dissent from that portion of the majority opinion which upholds the validity of the Act which requires the petitioner in a habeas corpus case to obtain a certificate of probable cause in order to appeal while the respondent (state) can secure appellate review without such certificate. In my opinion to classify the prisoner and the warden in a different category for appeal is not a reasonable classification, amounts to invidious discrimination, and is a denial of equal protection of the law.

I respectfully dissent.

I am authorized to state that Justice Ingram joins in this dissent.