## 66438. CURTIS v. THE STATE.

POPE, Judge.

Jimmy Gene Curtis brings this appeal from an order of the trial court dismissing his appeal from his conviction of driving under the influence and driving with an expired license. *Held:*

On August 26, 1982 appellant was convicted of the aforementioned offenses and sentenced by the trial court. On August 27, appellant filed a motion for new trial. A hearing on this motion was held on November 19, 1982 and an order denying the motion was entered on January 10, 1983. Appellant filed a notice of appeal from the denial of his motion for new trial on November 19, 1982.[1] The notice of appeal stated that a transcript of evidence and proceedings would be filed for inclusion in the record on appeal. On February 10, 1983 the state filed a motion to dismiss appellant's appeal on the basis that more than thirty days had passed since appellant had filed said notice and the transcript had not been filed nor had an extension of the time for filing been granted. A hearing on the state's motion was held on February 24, 1983 and on that date the trial court entered an order dismissing the appeal.

[1] Although the notice of appeal was filed nearly two months before the entry of the order denying the new trial, this does not constitute a basis for dismissal of a criminal appeal. *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48) (1974).

In addition to the foregoing facts, the trial court in its order found that the court reporter had not been requested by either appellant or his counsel to prepare a transcript of his trial "at any time within a thirty day period from January 10, 1983 or November 19, 1982." Also, no request was made by counsel for an extension of time in which to file the transcript. Appellant had been represented at trial by different counsel, who had paid the court reporter for the takedown of the trial. The trial court concluded that the delay in filing the transcript was both unreasonable and inexcusable and was caused by appellant.

OCGA § 5-6-42 (Code Ann. § 6-806) provides in part: "The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . . unless the time is extended as provided in Code Section 5-6-39." OCGA § 5-6-39(a) (Code Ann. § 6-804) provides: "Any judge of the trial court or any justice or judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of . . . (3) Transcript of the evidence and proceedings on appeal or in any other instance where filing of the transcript is required or permitted by law. . . ." In general, "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the party responsible for filing the transcript]." OCGA § 5-6-48 (Code Ann. § 6-809). In this case, appellant is the party ultimately responsible for filing the transcript. See *State v. Hart,* 246 Ga. 212 (1) (271 SE2d 133) (1980); Op. Att'y Gen. U81-22. "When the ultimate responsibility has been fixed, that party has a continuing duty under OCGA § 5-6-42 (Code Ann. § 6-806) to expend reasonable efforts to make sure the reporter transcribes and forwards the transcript and record." *Long v. City of Midway,* 165 Ga. App. 602, 603 (302 SE2d 372) (1983).

This court has held that "[t]he failure of defendant to timely file the transcript or to obtain an extension of time requires dismissal of the appeal." *Blackstone v. State,* 131 Ga. App. 666 (206 SE2d 553) (1974). However, in *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141) (1974), the Supreme Court reversed a habeas corpus case where a defendant's main appeal had been dismissed on the basis that he had failed to obtain a timely extension of time for filing the transcript. The court stated: "Failure to perform this duty [timely filing the transcript] resulted in the dismissal of the appeal and the denial to appellant of a review of his conviction. The result to the appellant was the same as though the attorney had abandoned the appeal or

otherwise failed in his role of advocate on appeal. An attorney who through negligence, ignorance, or misinterpretation of the law . . ., fails to perform routine duties resulting in a dismissal of his client's appeal, thereby denying such client a right of review after conviction [,] cannot be said to be rendering effective assistance. The result is the same as no assistance at all." Id. at 746. Although the Supreme Court made no mention of *Blackstone v. State,* supra, in its opinion, this court has held that *Blackstone* was implicitly overruled by *McAuliffe. Ingram v. State,* 134 Ga. App. 935 (216 SE2d 608) (1975), cert. den., 424 U. S. 914, rehg. den., 425 U. S. 908 (1976).

While the decision in *McAuliffe* has been roundly criticized, this court has followed its mandate. See, e.g., *Ingram v. State,* supra at (1); *Denson v. State,* 134 Ga. App. 876 (216 SE2d 606) (1975), revd. *State v. Denson,* 236 Ga. 239 (223 SE2d 640) (1976); *Mingo v. State,* 133 Ga. App. 385 (210 SE2d 835) (1974). However, in *State v. Denson,* supra, the Supreme Court found that this court had misinterpreted and misapplied its decisions in *McAuliffe* and *Cunningham v. State,* supra. In *Denson,* the appellant's appeal had been dismissed by the trial court for failure to pay costs to the clerk; this court reversed, relying on *McAuliffe* and *Cunningham.* The Supreme Court, noting that *McAuliffe* and *Cunningham* were both cases in which the respective appellants had been denied an appeal on the merits solely as a result of technical errors on the part of counsel, held: "A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court." *State v. Denson,* supra at 240. The court in *Denson* also noted that there was no claim of substantive ineffectiveness or technical ineffectiveness on the part of appellant's counsel.

Our review of the record in the case at bar persuades us that the rule enunciated in *State v. Denson,* supra, is applicable here. Neither appellant nor his counsel (trial or appellate) filed the transcript within thirty days of the filing of the notice of appeal (or, in this case, within thirty days of the entry of judgment), nor was any request made for an extension of time for filing. In response to the trial court's inquiry as to why no request was made for an extension of time in which to file the transcript, appellate counsel responded that his

efforts were concentrated on attempting to obtain a release from trial counsel and he did not involve the trial court in that particular phase. At the hearing on the state's motion to dismiss, the court reporter testified that appellant's trial counsel paid her for the takedown of the trial on the afternoon of the completion of the trial. Her procedure under this circumstance was not to provide a transcript of the takedown to anyone without first obtaining a release from the attorney who had paid for it and also receiving payment of the estimated cost of the transcription itself. But see also in this regard Op. Att'y Gen. 82-14. Appellate counsel stated that he had first talked with trial counsel on November 19, 1982 (the date the notice of appeal was filed) and several times thereafter and that it was his impression that trial counsel would not release the transcript until there was a resolution of "some type of fee dispute" between trial counsel and appellant. Appellate counsel did not contact the court reporter concerning the transcript until February 17, 1983. The court reporter further testified that approximately ten minutes before the hearing, she received a telephone call from trial counsel who told her that appellant was in his office and that he was releasing the transcript. At the close of his cross-examination, appellate counsel formally requested the court reporter to prepare the transcript. No issue of substantive or technical ineffective assistance of counsel was raised.

In our view, the evidence of record sustains a finding that the delay in filing the transcript was unreasonable and that the unreasonable delay was inexcusable and was caused by appellant's conduct or his conduct in concert with that of his attorney. Accordingly, the trial court did not err in dismissing appellant's appeal. See *State v. Hart,* supra. Compare *Owens v. State,* 144 Ga. App. 611 (241 SE2d 485) (1978).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1983 —
REHEARING DENIED SEPTEMBER 30, 1983 —

*Roy David Petersen,* for appellant.

*Herbert A. Rivers, Solicitor, Gentry Shelnutt, Assistant Solicitor,* for appellee.