### 70688. BROWN v. THE STATE.
(338 SE2d 718)

MCMURRAY, Presiding Judge.

On December 6, 1981, at approximately 1:30 in the morning, Officer R. M. Ward and his partner Officer Matthews, of the Savannah

Police Department, were on patrol when they observed a large group of people gathered on Whitaker Street near Gaston Street in Savannah, Georgia. At trial, Officer Ward testified it "appeared that they were fixing to become involved in a fight." Two unidentified individuals were armed with a stick and a leaded pipe and were in the street facing in the direction of Larry W. Brown (defendant). Officer Ward instructed the two persons to drop their weapons, at which time one of the armed individuals pointed toward the defendant indicating that defendant Brown had a gun. Officer Ward immediately instructed the defendant to place his hands on the police car and the defendant complied. Next, Officer Ward observed Bridget Ann Picetti, who was standing close to the defendant, clutch her coat and start moving toward a parked automobile. Picetti went to the passenger side of the automobile, and went below the level of the dashboard. The officer suspected that Picetti was concealing a weapon, and he ordered her out of the automobile. Officer Ward then reached under the seat on the passenger side of the vehicle and removed a loaded revolver and a plastic bag which contained 49 tablets inscribed "Lemmon 714" which was subsequently identified as methaqualone. Later, additional police units arrived at the scene and seven people, including the defendant, were placed under arrest for disorderly conduct. At the police station, the defendant was searched and five packets of a white substance, which was subsequently identified as cocaine, were found with the defendant's personal possessions.

In regard to the discovery of five packets of cocaine the defendant was indicted on May 7, 1982, for possession of a controlled substance. The defendant filed a motion to suppress evidence, which was denied. On October 1, 1982, the defendant was found guilty of the aforementioned offense and was sentenced to serve two years in confinement. On October 8, 1982, the trial court granted an appeal bond and the defendant filed a timely motion for new trial. On May 16, 1983, the trial court denied the defendant's motion and on June 6, 1983, the defendant filed a notice of appeal in the Superior Court of Chatham County. The notice of appeal and record were not sent to this court until May 5, 1984. Upon forwarding the appeal, the Clerk of the Superior Court in Chatham County stated that the delay in sending the record was "due to the fact that the petitioner's attorney did not notify us pursuant to our request as to whether or not petitioner was declaring status of pauper or paying all court costs required prior to filing appeal. . . ."

On May 8, 1984, the notice of appeal and record were sent from the Court of Appeals to the trial court because the notice of appeal was not properly filed. No action was taken by the defendant to correct the deficient notice of appeal and on August 24, 1984, the State filed a motion to dismiss the defendant's appeal. After a hearing, the

trial court entered an order dismissing the defendant's appeal for lack of prosecution from which the defendant appeals. *Held*:

1. In his first enumeration of error the defendant argues that the trial court erred in dismissing his appeal.

" 'A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court.' *State v. Denson*, [236 Ga. 239, 240 (223 SE2d 640)]." *Curtis v. State*, 168 Ga. App. 235, 237 (308 SE2d 599). However, dismissal of an appeal in a criminal prosecution is erroneous if the trial court finds that the defendant's attorney has abandoned the appeal or otherwise failed in his role of advocate on appeal. *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141); *Curtis v. State*, 168 Ga. App. 235, supra.

In the case sub judice, the trial court failed to state specific grounds for dismissal of the defendant's appeal. Consequently, giving the defendant the benefit of all reasonable doubt, we shall address the merits of defendant's enumerations in his appeal. See *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821).

2. In defendant's enumerations of error numbers 2, 3 and 4, the defendant contends that the trial court erred in refusing to allow him to raise at trial issues (including the lawfulness of defendant's arrest and subsequent search) arising from his motion to suppress evidence. Generally, it is for the court and not the jury to decide whether evidence has been illegally seized. *Rogers v. State*, 155 Ga. App. 685, 686 (2) (272 SE2d 549). Indeed, the receipt of evidence on the hearing of a motion to suppress in the presence of the jury constitutes a statutory violation. However, this statutory provision may be waived by defendant. *State v. Peabody*, 247 Ga. 580 (277 SE2d 668).

In the case sub judice, defendant argues that the motion to suppress issues remained open and appropriate for submission to the jury because the trial court had not entered any order ruling on his motion to suppress evidence. (The hearing on the motion to suppress evidence occurred a week prior to trial.) However, the accuracy of the factual predicate of defendant's argument does not appear to be subject to determination from the record. Different judges presided at trial and at the motion to suppress hearing. An order (entered by the judge who presided over the motion to suppress hearing) denying defendant's motion to suppress is dated September 29, 1982, while the faint imprint of the Clerk's office stamp appears to indicate that the

document was filed on the trial date, although no time of day is given for the filing.

Even if no ruling had been entered on defendant's motion to suppress prior to trial and if such is error, we find no harm to defendant. As noted above, the motion to suppress issues were for the court and not the jury. The trial court consistently ruled on matters at trial as though defendant's motion to suppress was denied, and defense counsel was informed of the trial court's decision to conduct the trial on the assumption that defendant's motion to suppress was denied. The trial court's assumption proved to be correct and no harm to defendant resulted.

3. Defendant contends that, due to the absence of a written order on his motion to suppress and the refusal of a requested continuance, he was deprived of an opportunity to seek an interlocutory appeal, pursuant to OCGA § 5-6-34 (b), resulting in a denial of due process. This contention is without merit. There is no constitutional right to an appeal. *Jones v. Barnes*, 463 U. S. 745, 751 (2) (103 SC 3308, 77 LE2d 987); *United States v. MacCollom*, 426 U. S. 317, 323 (96 SC 2086, 48 LE2d 666); *Griffin v. Illinois*, 351 U. S. 12,.18 (76 SC 585, 100 LE 891). Nor is any right to an interlocutory appeal conferred by statute. OCGA § 5-6-34 (b). Broad discretion is given the trial judge in determining whether interlocutory application is appropriate. *Lee v. Smith*, 119 Ga. App. 808 (168 SE2d 880).

*Judgment reversed as to the trial court's order dismissing the appeal for lack of prosecution. Judgment of conviction and sentence affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 26, 1985.

*Robert M. Ray, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.