## 43890. SCHIESSER v. ROSS.
(349 SE2d 745)

BELL, Justice.

We dismissed appellant's direct appeal of the denial of her complaint in equity to set aside a judgment, on the ground that an application to appeal was required under OCGA § 5-6-35 (a) (8).[1]

On motion for reconsideration appellant contends that OCGA § 5-6-35 (a) (8) denies her equal protection, in that she, as a party desiring to appeal an order denying a complaint in equity, must file an application to appeal, whereas a party desiring to appeal from an order granting a complaint in equity is entitled to a direct appeal. We find that the classification created by OCGA § 5-6-35 (a) (8) is reasonable.

An order granting a motion to set aside a judgment overturns a judgment already imposed and presumed to be legal, and will require further court proceedings on the part of the party opposing the motion. Moreover, the party opposing the motion may have taken certain action in reliance on the judgment, the propriety of which is placed in doubt by the grant of the motion to set aside the judgment. On the other hand, the party moving to set aside a judgment is not impacted as significantly by an order denying the motion, since the order merely reaffirms the judgment and maintains the status quo. For these reasons we conclude that OCGA § 5-6-35 (a) (8) does not deny appellant equal protection. See *Reed v. Hopper*, 235 Ga. 298 (5) (219 SE2d 409) (1975); *Fife v. Johnston*, 225 Ga. 447 (169 SE2d 167) (1969).

*Motion for Reconsideration denied. All the Justices concur.*

DECIDED OCTOBER 8, 1986 —
RECONSIDERATION DENIED NOVEMBER 13, 1986.

*Freeman & Hawkins, H. Lane Young, Black & Black, Adrienne Black,* for appellant.

*M. T. Simmons,* for appellee.

---

[1] We note that this case was brought before the repeal of OCGA § 9-11-60 (e) by the General Assembly, Ga. L. 1986, pp. 294, 297, § 1. However, we also note that had appellant's action been brought after the repeal of OCGA § 9-11-60 (e), it would essentially constitute a motion to set aside under OCGA § 9-11-60 (d) as amended, Ga. L. 1986, pp. 294, 296-297, § 1, and would therefore also be subject to the requirements of OCGA § 5-6-35 (a) (8).