36636. FLOYD *v.* THE STATE.
36637. ROBERTS *v.* THE STATE.

DECIDED APRIL 15, 1957.

538

J. *Walter Cowart, John Langley, Leward Hightower,* for plaintiffs in error.

*Andrew J. Whalen, Jr., Solicitor-General,* contra.

CARLISLE, J. ▆ Headnotes 1 and 2 are self-explanatory and require no elaboration.

▆ In special ground 4, error is assigned on the following allegedly illegally admitted evidence at a time when a witness for the State was being cross-examined by counsel for the defendant: "In reply to a question asked by the solicitor-general, I stated that before I came over here to Griffin that Mr. Holmes had explained to me the whole situation. As to whether [when?] I came over to Griffin, I knew that this was a bogus deal when I came over here, but Mr. Holmes had come over here, I had heard that these same fellows had gypped two or three people of thousands of dollars in Tennessee, and I felt it was my duty to stop it." The objection lodged against this evidence was that the witness's answer was not responsive to the question asked

by counsel for the defendant. Whether or not this evidence was unresponsive and illegally admitted this ground of the motion for a new trial is not meritorious, as it appears from the record that substantially the same evidence was later without objection brought out by counsel for the defendant in his cross-examination of the same witness: "The situation that Mr. Holmes explained to me before I came over to Griffin was, the two fellows were just confidence men, was the whole situation, and it had been going on, I understood, for quite a while, and I knew of two or three fellows they had bankrupt, had beaten them out of their money. I got that information from Mr. Holmes."

It is a well established rule of practice that special grounds of a motion for new trial are without merit where substantially the same evidence is elsewhere admitted without objection. *White* v. *State*, 93 *Ga. App.* 345 (1) (92 S. E. 2d 32), and citations.

In special ground 1 it is alleged that there is a fatal variance between the indictment and the proof in that the indictment charged the defendant with falsely personating another under Code § 26-7406, to wit, Woodrow Holcombe, and the proof tended to indicate that the offense committed was that of personating an officer, to wit, the Chief Deputy Sheriff of Spalding County, Georgia, which is an offense under a different section of the Code, namely, Code § 26-4902.

After verdict every presumption and inference is in favor of the verdict; and hence the indictment must be construed most strongly in favor of the State. *Rumph* v. *State*, 60 *Ga. App.* 689 (2) (4 S. E. 2d 673). Under such a construction, the indictment charges the defendants with conspiring to hold Luther E. Floyd out to E. M. Darby as the Chief Deputy Sheriff of Spalding County, to wit, Woodrow Holcombe, with the intention of thereby fraudulently obtaining money in the amount of $8,225 from Darby and that they did actually obtain $200 from Darby in their action of having Floyd personate the Chief Deputy Sheriff of Spalding County, to wit, Woodrow Holcombe.

From the evidence in each of the two cases, the jury was authorized to find that by a pre-arranged plan between Roberts

and Floyd, Roberts introduced Floyd to each of two men from Alabama as the Chief Deputy Sheriff of Spalding County, Georgia; that Floyd, far from denying that he was the Chief Deputy Sheriff of Spalding County, endeavored to make use of this misrepresentation in a transaction between him, as Chief Deputy Sheriff of Spalding County, and each of the men from Alabama; that in the courthouse located in Griffin, Spalding County, Georgia, Floyd offered to sell 280 cases of confiscated liquor, at $35 per case, to each of the two men from Alabama, who were bootleggers; that one of the men in Alabama had referred the defendants to the other man from Alabama; that the proposed sale of the liquor to the latter man was not effected; that one of the men having become suspicious contacted the sheriff of the county to determine whether or not such liquor was for sale and whether or not the chief deputy of the county was authorized to sell it; that the sheriff informed him that such was not the case and plans were laid to apprehend the defendants; that the sheriff delivered $200 in bills, the serial numbers of which he had recorded, to one of the men from Alabama who pretended to go through with the proposed sale of liquor; that the money was delivered to Floyd in the courthouse in apparent compliance with the agreement to purchase and sell the liquor; that Floyd and Roberts were immediately arrested and the bills found in their possession; that while Floyd was not introduced as Woodrow Holcombe, Chief Deputy Sheriff of Spalding County, and never held himself out as Woodrow Holcombe, he was introduced as the Chief Deputy Sheriff of Spalding County, and held himself out as such with the intention of defrauding Darby; that the Chief Deputy Sheriff of Spalding County was Woodrow Holcombe at the time of the introduction and throughout the transaction in question; and, that Woodrow Holcombe was not the man to whom Darby was introduced as the Chief Deputy Sheriff of Spalding County. From such findings, the jury was authorized to infer the conspiracy to defraud Darby through Roberts' and Floyd's representing Floyd as the chief deputy sheriff of the county. The allegations of the indictment were, consequently, sustained by the proof. While we recognize the rule, which counsel for the defendants would have us apply, that

criminal statutes are to be strictly construed, the question involved here is simply one of construction of the evidence.

The trial court did not err in denying the motion for new trial for any reason assigned.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*