20407. THE STATE *v.* GOSSETT, *alias* HILL.

Mobley, Justice. The defendant was convicted, in 1947, of the murder of Leroy Hill. Her conviction was affirmed by this

court in 1948 in *Gossett* v. *State*, 203 *Ga.* 692 (48 S. E. 2d 71). On September 30, 1958, counsel for the defendant filed an extraordinary motion for new trial based on newly discovered evidence. The exception is to the judgment of the trial court granting the defendant a new trial. The defendant filed a motion to dismiss the writ of error on the ground that the State cannot appeal from a judgment in favor of the defendant in a criminal case. *Held*:

The denial of a motion to dismiss an extraordinary motion for new trial in a criminal case cannot be reviewed by this court, since "A writ of error does not lie to this court, in a criminal case, at the instance of the State." *State* v. *Jones*, 7 *Ga.* 422. As to who may appeal to this court, it is provided in Code (Ann.) § 6-901: "Either party in any civil cause, and the defendant in any criminal proceeding, in the superior or city courts, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof in any matter heard at chambers." The historical basis for this provision is dealt with in *State* v. *Jones*, supra, where a writ of error, sued out to review a decision ordering an indictment quashed against the defendant, was dismissed, and where it is said at page 426: "In criminal causes, the State, through her agents, is the judge who tries the accused. In civil cases, she stands aside and leaves the parties to litigate upon equal terms before a tribunal independent of both. Thus unequally do the State and the defendant enter upon an issue, the result of which may involve the liberty or life of the one, and no sensible consequence to the other. Viewed in this light, it is a concession in behalf of the defendant, both humane and reasonable, that the State should not review her own errors—that she should decide but once." In the absence of express statutory provision, the State cannot sue out a writ of error upon a judgment in favor of the defendant in a criminal case. *State* v. *B'Gos*, 175 *Ga.* 627 (165 S. E. 566). See also United States *v.* Sanges, 144 U. S. 310 (12 S. Ct. 609; 36 L. Ed. 445). 24 C. J. S. 258, § 1659 (e) states the general rule to be as follows: "In the absence of a statute expressly so providing, the state cannot appeal from an order granting accused a new trial, or from an order quashing a conviction and sentence." Since there is no statute providing for an appeal by the State in a criminal case, and in view of the decisions of this court to the effect that no writ of error will

lie at the instance of the State in a criminal case, this court has no jurisdiction to review the assignments of error; and the motion to dismiss is

*Sustained. All the Justices concur, except Duckworth, C. J., who dissents.*

SUBMITTED MARCH 10, 1959—DECIDED APRIL 9, 1959.

*Chastine Parker, Solicitor-General, Horace T. Clary, Assistant Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* for plaintiff in error.

*R. L. Addleton,* contra.