49510. THE STATE v. HOLLOMON et al.

STOLZ, Judge.

The defendants, members of the Jones County Board of Commissioners, were convicted of malpractice in office. Code § 89-9907. The trial judge sentenced them to misdemeanor punishment and provided that they be "hereby removed from office" as county commissioners. The defendants filed a motion for new trial and supersedeas was granted. The state then filed a "motion for execution of sentence," alleging that the provision of § 89-9907 for removal from office is not a portion of the punishment prescribed for a misdemeanor offense, hence was not stayed by the supersedeas, and praying that the judge order the defendants to vacate their offices as

members of the board instanter and declare their posts vacant. Following a hearing, the trial judge overruled the state's motion, subject to the condition that, within 5 days, the defendants "shall post a bond with good and sufficient security payable to Jones County, Georgia in the sum of Fifty Thousand Dollars ($50,000) conditioned on their future faithful performance of their duties and the return of any sums received by them from Jones County in the form of salaries or other compensations or allowances which shall be determined to have been illegally received. . ." The state appeals from the overruling of its motion, which order was certified for immediate review. The appellees filed a motion to dismiss the appeal. *Held:*

Prior to 1973, there was no authority for appeals by the state in criminal cases. Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298) provides as follows: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases in the following instances: (a) From an order, decision or judgment setting aside or dismissing any indictment or information, or any count thereof. (b) From an order, decision or judgment arresting judgment of conviction upon legal grounds. (c) From an order, decision or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy. (d) In the case of motions made and ruled upon prior to the empanelling of a jury, from an order, decision or judgment sustaining a motion to suppress evidence illegally seized." The order appealed from in the case sub judice is not one of the instances in which the state is granted the right of appeal in criminal cases under the provisions of § 6-1001a, supra.

Nor is the order made appealable by virtue of the certificate for immediate review. Code Ann. § 6-1002a (Ga. L. 1973, pp. 297, 298) provides as follows: "Other than from an order, decision or judgment sustaining a motion to suppress evidence illegally seized, in any appeal *under the provisions of this Chapter* where the order, decision or judgment is not final, it shall be necessary that the trial judge certify within 10 days of

entry thereof that such order, decision or judgment is of such importance to the case that an immediate review should be had." (Emphasis supplied.) Although it might be argued that § 6-1002a provides for certification of *any* non-final order, decision or judgment, without regard to those enumerated in § 6-1001a, supra, we do not find this to be the legislative intent. § 6-1002a not only specifically refers to and excludes one of the instances specified in § 6-1001a (i. e., (d)), but also limits the appeals in which the orders, decisions or judgments can be certified to those "under the provisions of this Chapter." In construing this statute, it should be borne in mind that it creates new rights in favor of the state which are in derogation of pre-existing law, and that the accused's rights are thereby correspondingly diminished, since virtually any delay in the prosecution of criminal cases (such as appeals of interlocutory orders, decisions and judgments) can be harmful to the accused, amounting in some cases to deprivation of his constitutional rights of due process, speedy trial, etc. See *Hall v. State,* 131 Ga. App. 786. Within reason, criminal statutes are construed strictly against the state and liberally in favor of the prisoner. *Matthews v. Everett,* 201 Ga. 730, 735 (41 SE2d 148) and cit.; *Waldroup v. State,* 198 Ga. 144, 145 (30 SE2d 896); *Floyd v. State,* 95 Ga. App. 536, 541 (98 SE2d 161).

"[T]he right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts. The Constitution (Code Ann. § 2-3704) vests in the General Assembly the power to 'prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals.' Whether wise or unwise, as long as the Act does not offend the Constitution, courts must abide by it. Thus the Constitution gives the General Assembly the authority to enact laws placing conditions upon appeals." *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 167). The General Assembly having placed the specific conditions upon appeals by the state in criminal cases which are contained in § 6-1001a, we will not by judicial construction extend the right of appeal beyond these instances, especially where the intent is expressed to

limit the state to appeals "under the provisions of this Chapter."

Accordingly, the motion to dismiss is granted.

*Appeal dismissed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED JUNE 27, 1974 — DECIDED JULY 9, 1974.

*Joseph H. Briley, District Attorney,* for appellant.

*Byrd, Groover & Buford, Denmark Groover, Jr., Frank D. Farrar, Jr.,* for appellees.