A90A0118. THE STATE v. SLAVNY.
(395 SE2d 56)

BEASLEY, Judge.

The State has been permitted under OCGA § 5-7-2 to appeal a denial of its motion to compel Slavny, charged with abandonment of a dependent child, to submit to human leukocyte antigen blood testing to determine paternity. The court concluded that there was no statutory authority for ordering the blood test and no statutory guidance for allocating the expense.

The abandonment statute, OCGA § 19-10-1, makes no specific provision for the State's requesting or compelling the defendant to submit to a paternity blood test. It does provide in subsection (f) for the accused to be able to request, agree to, and arrange to pay for such a blood test. It also provides that upon pretrial motion of defendant, the court must order the alleged parent, the known natural parent, and the child to submit to appropriate blood tests and comparisons. The statute's silence on the State's authority *vel non* to request the blood testing, however, does not mean the State lacks that authority.

OCGA § 17-5-21 (a) (5) provides that the court may issue a search warrant for the seizure of any item, substance, object, thing, or matter, other than the private papers of any person, which is tangible evidence of the commission of the crime for which probable cause is shown. The blood sample of defendant potentially would be tangible evidence of parentage, which is an element of the the crime charged. A search warrant is an appropriate vehicle for obtaining a blood sample from a defendant. See *Robinson v. State*, 180 Ga. App. 43, 50 (3) (348 SE2d 662) (1986), rev'd on other grounds 256 Ga. 564 (350 SE2d 464) (1986), mod. 181 Ga. App. 742 (354 SE2d 214) (1987).

Consequently, specific provision in OCGA § 19-10-1 for the State's procurement of blood testing is not necessary. The law is construed as a whole. *Lucas v. Smith*, 201 Ga. 834, 837 (41 SE2d 527)

(1947). See OCGA § 1-3-1 (a).

Appellee is correct in suggesting that if the mother wants to compel a paternity blood test, she should be required to bring a civil paternity action under OCGA § 19-7-40 et seq., for in such an action the court upon motion may order the mother, the alleged father, and the child to submit to appropriate blood tests. OCGA § 19-7-45. But here the State, not the mother, seeks the evidence.

There is no expression of legislative intent requiring the prosecutrix in a criminal abandonment charge to file an ancillary suit to obtain blood test evidence for the State to establish paternity and rendering such test results admissible in the criminal proceeding. To the contrary, the two proceedings are distanced. A criminal abandonment action in which paternity might be established does not provide redress to an aggrieved mother with dependent child which would substitute for a paternity suit under OCGA § 19-7-40 et seq. or a petition for unpaid child support, inasmuch as the criminal action does not address child support arrearage. See, e.g., *Barnes v. State*, 181 Ga. App. 581 (353 SE2d 76) (1987); *Bray v. State*, 181 Ga. App. 678, 679 (2) (353 SE2d 531) (1987); *Crayton v. State*, 166 Ga. App. 544 (305 SE2d 19) (1983).

As for the expense of the test, statutory and case authority provide for allocating it. OCGA § 19-10-1 (f) casts the cost of the party seeking testing, here the State. Moreover, the trial court could not order the defendant putative father to take and pay for a blood test to determine paternity, without a hearing on the merits of the case. See *Barnes*, supra at 582 (3); *Pierce v. State*, 251 Ga. 590 (308 SE2d 367) (1983); *Boone v. State*, 250 Ga. 379 (297 SE2d 727) (1982).

The result is that when the State requests pretrial paternity blood testing for a defendant charged with child abandonment, the State must initially pay the cost. Then "[u]pon the entry of a verdict incorporating a finding of parentage or nonparentage, the court shall tax the expenses for blood tests and comparisons, in addition to any fees for expert witnesses whose testimonies supported the admissibility thereof, as costs." OCGA § 19-10-1 (f) (2). A verdict incorporating a finding of parentage would authorize the court to tax the cost of the blood test against defendant, OCGA § 17-11-1, or under certain circumstances against the prosecutor/prosecutrix or complainant. OCGA § 17-11-4; See *In re Herring*, 185 Ga. App. 541, 542 (2) (365 SE2d 139) (1988).

It was error to summarily deny the State's motion on the basis of lack of statutory authority. The order is reversed and the case is remanded for further consideration in light hereof.

*Judgment reversed and case remanded. Deen, P. J., and Pope, J., concur.*

820

*Ralph T. Bowden, Jr., Solicitor, Bradley R. Malkin, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellant.
*Mark T. Sallee*, for appellee.