A93A1634. STINSON v. THE STATE.
(436 SE2d 765)

POPE, Chief Judge.

Defendant was indicted on four counts of child molestation and retained attorney Michael Classens to represent him. Classens' wife is a casework supervisor with the Bulloch County Department of Family & Children Services (DFACS), the agency responsible for initially investigating allegations of child molestation. In this capacity she, along with the case investigator and the county director, signed a child abuse and neglect report in which the department stated its conclusion that defendant was guilty of the alleged acts of molestation. When the district attorney realized this, he brought the situation to the trial court's attention. During a hearing on the matter, the trial court stated it was confident Classens and his wife would not disclose confidences and that there had been no actual impropriety. Nonetheless, it disqualified Classens based on the "substantial potential for a perceived conflict of interest." We granted defendant's application for interlocutory appeal to determine whether this disqualification was error.

In *Blumenfeld v. Borenstein*, 247 Ga. 406 (276 SE2d 607) (1981), the Supreme Court held it was improper to disqualify an attorney based solely on an appearance of impropriety, particularly when the appearance of impropriety resulted not from the attorney's conduct but from his status as the spouse of an attorney affiliated with the opposing party. "[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. The mere fact that the public may perceive some conduct as improper is, without some actual impropriety, insufficient justification for interference with a client's right to counsel of choice. This becomes even more apparent when the perceived impropriety is not conduct at all but is, instead, status. Absent a showing that special circumstances exist which prevent the adequate representation of the client, disqualification based solely on marital status is not justified." Id. at 408. Even though Classens' wife is not an attorney, we think the holding of *Blumenfeld* controls this case. The State points out that *Blumenfeld* was a civil case, while this one is criminal; but the client's interest in representation by his counsel of choice in a criminal action is, if anything, greater rather than

less than that of a client in a civil action. Accordingly, the need to avoid any appearance of impropriety resulting from the employment of defense counsel's spouse by DFACS, or even from her signature on a report, does not outweigh defendant's right to counsel of his choice and is not alone a sufficient basis for the disqualification of her husband.

We do have some concerns, however, about the possibility that Classens' wife could become a witness in the case. It appears from the record that this possibility is remote at best, as she was not involved in the investigation, she signed the report merely as a matter of administrative routine and her name does not appear on any witness list. If this is an accurate portrayal of the facts, the trial should proceed without complication. Nonetheless, we want to emphasize that if defense counsel's spouse were to be called as a witness, this would be a "special circumstance[ ] . . . which [would] prevent the adequate representation of the client," see id. at 408, and defense counsel would have to disqualify himself rather than cross-examine (or fail to cross-examine) his wife.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 15, 1993.

*Michael J. Classens*, for appellant.
*Rene J. Martin III, District Attorney*, for appellee.