## S97A0416. THE STATE v. SMITH.
### (485 SE2d 491)

SEARS, Justice.

The initial and dispositive question raised by this appeal is whether the State has the right to appeal the order of the trial court disqualifying the Cobb County District Attorney's Office from prosecuting the appellee, Mark Steven Smith. We conclude that the trial court's order does not fall within the limited number of cases in which the State has the right to appeal. Accordingly, we dismiss the appeal.

There is no right to appeal granted by either the State or Federal Constitutions to civil litigants or to the defendant or the State in criminal cases.[1] Instead, the right of appeal depends upon statute.[2] Consistent with these principles, it has been held that the State does not have a right to appeal from decisions in criminal proceedings except as provided by statute.[3] Although the General Assembly has granted the State the right to appeal in criminal cases in limited instances,[4] the order in this case is not one of the instances in which

---

[1] *Thomas v. State,* 260 Ga. 262, 263 (392 SE2d 520) (1990); *Hancock v. Bd. of Tax Assessors,* 226 Ga. 570 (176 SE2d 102) (1970).

[2] *Ga. R. &c. Co. v. Redwine,* 208 Ga. 261, 263 (66 SE2d 234) (1951).

[3] *State v. Gossett,* 214 Ga. 840, 841 (108 SE2d 272) (1959).

[4] OCGA § 5-7-1 (a) (1-5).

the State has the right to appeal under § 5-7-1. Further, the State has no right to appeal under the terms of the Appellate Practice Act,[5] as that Act grants the right of appeal only to "[e]ither party in any civil case and the defendant in any criminal proceeding."[6]

For the foregoing reasons, we conclude that the State does not have the right to appeal in this case.[7] Therefore, we dismiss the appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED JUNE 2, 1997.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellant.

*Flint & Sumner, John B. Sumner,* for appellee.

___

[5] See OCGA §§ 5-6-30 to 5-6-51.

[6] OCGA § 5-6-33 (a) (1).

[7] Anything to the contrary in *State v. Evans,* 187 Ga. App. 649, 650 (1) (371 SE2d 432) (1988), is hereby overruled.