534 S.E.2d 473 (2000)
243 Ga. App. 809
The STATE
v.
REDDICK.
No. A00A1059.
Court of Appeals of Georgia.
May 3, 2000.
*475 Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Ellen S. Golden, Assistant District Attorneys, for appellant.
Charles R. Reddick, Homerville, for appellee.
Kermit N. McManus, District Attorney, Kenneth B. Hodges III, District Attorney, J. David Miller, District Attorney, Keith C. Martin, Solicitor, Leslie C. Abernathy, Solicitor, Carmen Smith, Solicitor, Sheryl B. Jolly, Solicitor, Wensley Hobby, Solicitor, amici curiae.
*474 ELDRIDGE, Judge.
This is an appeal from the Superior Court of Clinch County's denial of a motion made by the District Attorney of the Alapaha Judicial Circuit ("DA") to disqualify private attorney Charles Reddick from the practice of criminal law in the Alapaha Judicial Circuit because, inter alia, Reddick is a part-time district attorney pro tempore ("DA pro tem") of that circuit. We granted the DA's interlocutory appeal to address the issue of whether an attorney appointed by a presiding judge as a DA pro tem assigned pursuant to OCGA § 15-18-27(a) to prosecute criminal acts allegedly committed by a district attorney and/or his staff is precluded from the private practice of criminal law for the duration of the appointment. For the reasons that follow, we answer this question in the negative and affirm the order of the court below.[1]
When events disqualify a district attorney from the prosecution of a case and require the appointment of a DA pro tem, the presiding judge from the applicable circuit may "(1) [a]ppoint a competent attorney of the circuit; (2) [c]ommand the services of a district attorney of any other accessible circuit; or (3) [m]ake a requisition to the Governor for the services of the Attorney General." OCGA § 15-18-5(a)(1)-(3).
*476 In this case, pursuant to the requirements of OCGA § 15-18-27(a), the chief judge of the Alapaha Judicial Circuit was authorized to appoint a DA pro tem after receiving an affidavit alleging indictable acts regarding the misuse of credit cards committed by the Alapaha Circuit's DA and/or staff, and finding probable cause with regard thereto. Accordingly, on August 31, 1999, the chief judge appointed private attorney Reddick as DA pro tem pursuant to OCGA § 15-18-5(a)(1). In its appointment order, the court specified that Reddick's appointment as DA pro tem was to be part time; that Reddick's duties as DA pro tem went solely to the investigation and prosecution of the specific allegations of credit card misuse against the Alapaha DA and/or his staff; and that, prior to representation of a defendant in any criminal matter during the term of his appointment, Reddick must notify the applicable court and a conflict/waiver hearing must be conducted. As a part-time DA pro tem, Reddick is paid on an hourly basis, calculated by taking the DA's annual salary and dividing it by 2,080 hours.
On September 20, 1999, a six-count indictment was handed down in the Superior Court of Clinch County against appellee-defendant Mark Alan Redd. Redd hired Reddick to represent him in the criminal case. On September 28, 1999, Reddick obtained a conflict waiver from Redd. Thereafter, on October 15, 1999, the DA's office moved to disqualify Reddick because, inter alia, he is the DA pro tem of the circuit. The trial court denied the motion. Held:
1. First, the DA contends that a DA pro tem is "automatically disqualified from representing criminal defendants per Georgia law." The DA argues that under OCGA § 15-18-5(b), a DA pro tem "is subject to all laws governing district attorneys" and that under OCGA § 15-18-10(d), no district attorney "shall engage in the private practice of law." Thus, the DA argues that under OCGA § 15-18-10(d), Reddick may not represent criminal defendants for the duration of his appointment as DA pro tem.[2] We do not agree.
Contrary to the DA's assertion, the Code does not contain an unqualified prohibition against a district attorney engaging in the private practice of law. What the statute says is that, "No district attorney receiving an annual salary under this Code section shall engage in the private practice of law." (Emphasis supplied.) OCGA § 15-18-10(d). It would appear that the legislature, in its wisdom, anticipated that there would be times when a DA pro tem would be needed for prosecution purposes and that such DA pro tem would necessarily be selected from among the ranks of local, private criminal lawyers, since such lawyers have the expertise in criminal law necessary to competently carry out the duties of a DA pro tem. To cut off the livelihood of the most qualified of these criminal attorneys would make it almost impossible to find a competent private attorney who would accept the position.
In order to secure competent counsel to serve as part-time [District Attorneys] it is desirable that they be permitted to supplement their incomes through the private practice of law ... [since] the disqualification of part-time [District Attorneys] and their firms may seriously hamper the trial judge in appointing competent counsel.
Thompson v. State, 254 Ga. 393, 396, 330 S.E.2d 348 (1985). Further, paragraph (1) of OCGA § 15-18-5(a), which paragraph allows a presiding judge to appoint a private attorney as a DA pro tem, would be rendered meaningless as a practical matter if such attorney is not permitted to supplement his or her income through the continued private practice of law. The rules of statutory construction preclude such interpretation. See, e.g., State v. C.S.B., 250 Ga. 261, 263, 297 *477 S.E.2d 260 (1982) (courts must construe statutory language so as not to render it meaningless or mere surplusage).
As such, under the plain language of OCGA § 15-18-10(d) and the rules governing statutory construction, the ban against the private practice of law applies only to a district attorney who receives an annual salary and does not reach Reddick who, as a part-time DA pro tem with limited duties, is paid on an hourly basis.[3]
2. Next, the DA contends that Reddick is disqualified from the private practice of law because, as a DA pro tem, he is compensated with state funds, and under OCGA § 15-18-21(a), "[a]ny assistant district attorney, deputy district attorney, or other attorney at law employed by the district attorney who is compensated in whole or in part by state funds shall not engage in the private practice of law."
However, as in Division 1, supra, the DA's argument ignores an important element of the statute. Reddick may indeed be compensated with state funds, but he was appointed by the chief judge of the circuit and is clearly not "employed by the district attorney," whose office Reddick has been assigned to prosecute. Accordingly, OCGA § 15-18-21(a), which applies to lawyers employed by a district attorney, does not apply to Reddick.
3. Finally, the DA contends that a "conflict of interest" must disqualify Reddick from the representation of criminal defendants while serving as DA pro tem, since he represents the State of Georgia against criminal defendants in one capacity and represents criminal defendants against the State of Georgia in his other capacity. The DA argues that:
Loyalty to the client is the most fundamental rule of our system of justice. Chuck Reddick must be required to elect who he actually represents. "No servant can serve two masters; for either he will hate the one and love the other, or else he will be loyal to the one and despise the other." Luke 16:13.
The DA misunderstands that the "service" referenced in Luke 16:13 is from the Greek "douleuo," i.e., the service a slave owes to its master, which reference is of course completely inapplicable in the professional/legal context now before us. In the professional/legal context that is at issue here, we disagree with the DA.
The concept of a "conflict of interest" arises in connection with the attorney-client privilege and, absent an informed waiver, generally precludes an attorney from accepting as clients adverse parties in the same or a related case. See Code of Professional Responsibility, Rule 4-102(d) Standards 35-38. See Hill v. State, 269 Ga. 23, 24(2), 494 S.E.2d 661 (1998); Tilley v. King, 190 Ga. 421, 424-425, 9 S.E.2d 670 (1940); Reese v. Ga. Power Co., 191 Ga.App. 125, 127, 381 S.E.2d 110 (1989); State v. Shearson Lehman Bros., Inc., 188 Ga.App. 120, 123(4), 372 S.E.2d 276 (1988); Mitchell v. Mitchell, 184 Ga.App. 903, 363 S.E.2d 159 (1987); Summerlin v. Johnson, 176 Ga.App. 336, 338, 335 S.E.2d 879 (1985). The danger is two-fold: (1) that confidential information confided to the attorney by one client in the same or related case might be used against the other client, and/or (2) that circumstances might force an attorney to engage in conduct on behalf of one client in the same or related case that will injure the cause of action for his/her other client. Id.; Hill v. State, supra at 24-25, 494 S.E.2d 661. See also Pruitt v. State, 270 Ga. 745, 753(19), 514 S.E.2d 639 (1999). In short, an attorney cannot with unfettered zeal simultaneously pursue the claims of one client against his/her other client: the lawyer may consciously or unconsciously fail to aggressively represent one client to prevent harming the other client, or may consciously or unconsciously use knowledge regarding one client in aggressively pressing the other client's claims.
*478 In this case, however, defendant Redd waived any conflict with regard to Reddick's representation, and, notably, there is absolutely no contention before this Court that defendant Redd will suffer adverse consequences because Reddick is a part-time DA pro tem.[4] Instead, the DA apparently argues that Reddick should be disqualified as Redd's defense attorney based on a general, per se "conflict of interest" due solely to Reddick's status as part-time DA pro tem. In that regard:
(a) The DA does not have standing to seek Reddick's disqualification on such basis. "The objection that an attorney is disqualified by reason of his representing adverse interest is available only to those as to whom the attorney in question sustains, or has sustained, the relation of attorney and client." (Citations and punctuation omitted.) Reese v. Ga. Power Co., supra at 127, 381 S.E.2d 110.
Reddick does not represent and has not represented the DA or his office. They do not enjoy an attorney-client relationship. To the contrary, Reddick's duties as a part-time DA pro tem involve the prosecution of the DA and/or his staff.
Further, the DA fails to demonstrate how his prosecution of Redd's case has been in any way disadvantaged by reason of Reddick's status as part-time DA pro tem. Nor can we perceive of any disadvantage.[5] While "[i]t would clearly be improper for an attorney to change roles from the prosecution to the defense (and vice versa) in the same case," there is no "multiple representation" in this case, since Reddick does not represent the State in the instant case and plays absolutely no role in the prosecution of Redd. Pruitt v. State, supra at 753, 514 S.E.2d 639; Hill v. State, supra at 24, 494 S.E.2d 661; Frazier v. State, 257 Ga. 690, 693(9), 362 S.E.2d 351 (1987); Lamb v. State, 267 Ga. 41, 42-43, 472 S.E.2d 683 (1996). Compare Cuyler v. Sullivan, supra at 341-342, 100 S.Ct. 1708.
Moreover, the instant case is not even remotely related to the single matter in which Reddick does represent the State on a part-time basis. Hill v. State, supra at 24-25, 494 S.E.2d 661. Compare Chapel v. State, 264 Ga. 267(3)(b), 443 S.E.2d 271 (1994). Reddick's limited duties as part-time DA pro tem do not permit him access to any information maintained by the DA or his office which is related to any case being prosecuted by that office, including the instant case. See id.; Pruitt v. State, supra at 753, 514 S.E.2d 639; Hill v. State, supra at 24-25, 494 S.E.2d 661. And there is no evidenceor claimthat information Reddick may have obtained by virtue of his position as part-time DA pro tem can be used to the prejudice of the DA on the prosecution of any of his criminal cases, including this case.
Absent an attorney-client relationship, and with no showing that the DA's prosecution of Redd is placed at a disadvantage by Reddick's status as DA pro tem, the DA does not have standing to request disqualification of Reddick based on a "conflict of interest." Reese v. Ga. Power Co., supra.
(b) The Sixth Amendment guarantee of assistance of counsel comprehends the right to select and to hire one's own attorney, and, although this constitutional right is not absolute, it mandates a presumption in favor of accepting a criminal defendant's choice of counsel. Hill v. State, supra at 24, 494 S.E.2d 661.
[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. The mere fact that the public may perceive some conduct as improper is, without some actual impropriety, insufficient justification for *479 interference with a client's right to counsel of choice.
Blumenfeld v. Borenstein, 247 Ga. 406, 408, 276 S.E.2d 607 (1981); Stinson v. State, 210 Ga.App. 570, 436 S.E.2d 765 (1993). This becomes even more apparent "when the perceived impropriety is not conduct at all but is, instead, status." Blumenfeld v. Borenstein, supra at 408, 276 S.E.2d 607; Jones v. Jones, 258 Ga. 353, 354, 369 S.E.2d 478 (1988). It is for this reason "[t]he case law is clear that counsel may not be disqualified on the basis of an appearance of impropriety alone. [Cit.]" State v. Shearson Lehman Bros., supra at 123, 372 S.E.2d 276. This is because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons." (Punctuation omitted.) Reese v. Ga. Power Co., supra at 127, 381 S.E.2d 110.[6]
Accordingly, in those instances where a criminal defendant is represented by an attorney who is also employed as a part-time prosecuting officer, we have rejected the DA's claim that an "automatic disqualification" is required because of the appearance of a conflict of interest. See, e.g., Hudson v. State, 250 Ga. 479, 482, 299 S.E.2d 531 (1983); Thompson v. State, 254 Ga. 393, 396-397, 330 S.E.2d 348 (1985); O'Melia v. State, 255 Ga. 476, 478-479, 339 S.E.2d 586 (1986). "[T]he appearance of impropriety, alone, is too slender a reed on which to rest a disqualification order except in the rarest case." (Citations and punctuation omitted.) Reese v. Ga. Power Co., supra at 127, 381 S.E.2d 110. In that regard, we will not reverse the trial court's judgment on a motion to disqualify absent a showing that the ruling constituted an abuse of the court's sound discretion. Stephens v. Ivey, 212 Ga.App. 407, 410, 442 S.E.2d 248 (1994).
Here, in denying the DA's motion to disqualify Reddick, the trial court correctly determined that under Georgia law, there is no automatic disqualification due to Reddick's status as a part-time prosecuting officer with limited duties. Further, the trial court found that "Mr. Reddick is not accused of specific misconduct or specific imputation of wrong doing." We find nothing in the record before us to refute the trial court's conclusions. As discussed above, there has been no showing that Reddick's status as part-time DA pro tem will adversely affect the DA's ability to prosecute Redd's case, or any other criminal case. See Duncan v. Cropsey, 210 Ga.App. 814, 815, 437 S.E.2d 787 (1993). And there is no contention that Reddick's status as part-time DA pro tem will adversely affect defendant Redd. Thus, we cannot conclude that the trial court abused its discretion in denying the motion to disqualify Reddick based on the appearance of a conflict of interest.
Judgment affirmed.
BLACKBURN, P.J., and BARNES, J., concur.
NOTES
[1] We decline to address the merits of the DA's other claims of error, finding that such claims are settled by explicit statutory provisions which must be addressed legislatively if any change advocated by the DA is to be made. See OCGA § 15-18-63(c) ("A part-time solicitor-general of the state court and any part-time assistant solicitor-general may engage in the private practice of law."); § 45-15-30 ("Attorneys at law under independent contract to the Department of Law may engage in the private practice of law even though they may have been appointed or designated either specially or generally as assistant attorneys general or attorneys.").
[2] The DA has been joined, as amici curiae, by the District Attorneys' Association of Georgia and the Solicitors General of Clayton, Forsyth, Fulton, Richmond, and Tattnall Counties (collectively "the prosecution"). We note, however, that the preponderance of the prosecution's argument (34 pages) goes to the DA's claim that Reddick should be disqualified from the practice of law because he is a part-time solicitor general. See footnote 1, supra. The prosecution devotes only two pages to the issue of Reddick's position as DA pro tem assigned to prosecute the DA's office. With regard thereto, the prosecution asserts that "[i]n his brief, the District Attorney for the Alapaha Judicial Circuit has adequately stated the issue with regard to OCGA § 15-18-10(d) to a private attorney serving as a District Attorney Pro Tem."
[3] The statute provides that a DA pro tem receive "the same compensation from the state at the same rate as the district attorney" during the term of the appointment. OCGA § 15-18-5(b). In this case, that "same compensation" is broken down on an hourly basis and is paid only for the actual time Reddick spends performing the limited duties of the DA pro tem as outlined in the court's order of appointment.
[4] Compare Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (finding that despite waiver, defendant's unwise choice of counsel who had a conflict of interest resulted in a Sixth Amendment violation because of inadequate assistance).
[5] See Reese v. Ga. Power Co., supra at 130, 381 S.E.2d 110 (Benham, J., dissenting) ("The right to complain about a conflict of interest ... is extended to persons who are placed at a disadvantage by reason of a lawyer's breach of an ethical duty. [Cits.]") (punctuation omitted).
[6] In that regard, it appears that the only one who will benefit by Reddick's disqualification from the practice of law is the Alapaha DA's Office, which Reddick is assigned to investigate and prosecute. Reddick's ability to continue in his assignment as DA pro tem would be seriously compromised if his primary livelihood is eliminated, forcing him perhaps to abandon his prosecution of the DA and/or his staff. However, in noting such fact, this Court expresses no opinion with regard to the DA's motive for moving to disqualify Reddick from the practice of law.