A00A1059. THE STATE v. REDD.
(546 SE2d 68)

ELDRIDGE, Judge.

On December 17, 1999, we granted interlocutory review to the State, which appealed from the trial court's denial of its motion to disqualify attorney Charles Reddick from the representation of criminal defendants — including appellee Mark Allen Redd — because Charles Reddick is a district attorney pro tempore.[1] The State

---

[1] *State v. Redd*, 243 Ga. App. 809 (534 SE2d 473) (2000). Reddick was appointed by the

claimed that the trial court's order conflicted with OCGA §§ 15-18-10 (d) and 15-18-21 (a), as well as with ethical proscriptions against dual representation which result in a per se conflict of interest. Based on the State's position, the trial court's order would arguably have been void under the laws of this State because the court's order permitted Redd to be represented in a criminal matter by an attorney disqualified per se from the private practice of criminal law.

We affirmed the trial court, and the State filed for certiorari on the merits. On January 5, 2001, the Supreme Court of Georgia granted certiorari and, on the same day, executed an order as follows: "Because the State is not authorized to appeal a trial court's denial of a motion to disqualify an attorney under OCGA § 5-7-1, we remand the case to the Court of Appeals with direction to vacate its judgment and dismiss the appeal."[2] Accordingly, we vacate our opinion in *State v. Redd*, 243 Ga. App. 809 (534 SE2d 473) (2000), and dismiss the State's appeal.

*Opinion vacated and appeal dismissed. Blackburn, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 28, 2001.

*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Ellen S. Golden, Assistant District Attorneys*, for appellant.

*Charles R. Reddick*, for appellee.

*Kermit N. McManus, District Attorney, Kenneth B. Hodges III, District Attorney, J. David Miller, District Attorney, Keith C. Martin, Solicitor, Leslie C. Abernathy, Solicitor, Carmen Smith, Solicitor, Sheryl B. Jolly, Solicitor, Wensley Hobby, Solicitor*, amici curiae.

---

Chief Judge of the Alapaha Judicial Circuit solely to investigate alleged wrongdoing on the part of the Alapaha District Attorney's Office.

[2] It is well established that an appellate court applies the law as it exists at the time its decision is rendered. *Elmore v. State*, 269 Ga. 528, 530 (4) (501 SE2d 215) (1998). At the time the Supreme Court rendered its above-referenced decision/order, OCGA § 5-7-1 had been amended to add a new subsection (a) (5) which in pertinent part says that the State has a right to appeal "[f]rom an order, decision, or judgment of a court where the . . . order is otherwise void under the Constitution or laws of this state." See Ga. L. 2000, p. 862, § 2. This amended statute conferring subject matter jurisdiction upon the appellate courts to entertain the State's appeal of an allegedly void order is procedural and does not affect any substantive rights of any party, especially since "there is no federal or state constitutional right to bring an appeal. 'Instead, the right of appeal depends upon statute.'" *Fullwood v. Sivley*, 271 Ga. 248, 250 (517 SE2d 511) (1999). Where a statute governs only the procedure of the courts, it is to be given retroactive effect absent an express contrary intention. *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988).