S04A1132. THE STATE v. MARTIN.
(603 SE2d 249)

BENHAM, Justice.

This case is an interim review that was initiated by the State in a pending death penalty case. This Court, upon considering the State's application for interim review and Martin's motion to dismiss for want of jurisdiction, provisionally granted the application and ordered the parties to address the following question:

Whether this Court has jurisdiction to consider the State's argument that the State's motion to recuse was improperly denied and, if so, whether that motion was properly denied.

For the reasons set forth below, we conclude the jurisdiction question in the negative and, accordingly, dismiss the State's appeal without addressing the recusal question.

We have previously noted the following regarding appeals:

There is no right to appeal granted by either the State or Federal Constitutions to civil litigants or to the defendant or

---

the State in criminal cases. Instead, the right to appeal depends upon statute.

(Footnotes omitted.) *State v. Smith*, 268 Ga. 75 (485 SE2d 491) (1997). Prior to 1973, there was no statutory provision in Georgia for appeals by the State in criminal cases. See *State v. Gossett*, 214 Ga. 840 (108 SE2d 272) (1959) (citing *State v. Jones*, 7 Ga. 422 (1849)). However, in 1973, the General Assembly enacted a law providing the State limited avenues of appeal in criminal cases. See 1973 Ga. Laws 297 (now codified, as amended, at OCGA §§ 5-7-1 to 5-7-5). Both this Court and the Court of Appeals have held that the statutes providing for appeals by the State in criminal cases should be construed strictly against the State and liberally in favor of the interests, including the interest in a speedy trial, of defendants. See *Glenn v. State*, 271 Ga. 604 (2) (523 SE2d 13) (1999); *Berky v. State*, 266 Ga. 28, 30 (463 SE2d 891) (1995); *State v. Holloman*, 132 Ga. App. 304, 306 (208 SE2d 167) (1974). But see also *State v. Strickman*, 253 Ga. 287 (319 SE2d 864) (1984) ("Assuredly, the right of appeal provided to the state in the statute should not be frustrated by the manner in which the [defendant] names his motion."). Thus, this Court has recognized that the State may not appeal *any* issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1, the statute that sets out the subject matters the State may raise on appeal. See *State v. Redd*, 248 Ga. App. 312 (546 SE2d 68) (2001) (dismissing for lack of jurisdiction, at this Court's direction, the State's previously-granted discretionary appeal of an issue not listed in OCGA § 5-7-1). As was implicit in and necessary to our direction to the Court of Appeals in *Redd*, supra, we now explicitly hold that OCGA § 5-7-2, which authorizes both direct and discretionary appeals by the State, does not expand the list of matters appealable by the State under OCGA § 5-7-1 but, instead, merely describes which of those matters are appealable by direct appeal and which are appealable by discretionary appeal. See *Holloman*, supra, 132 Ga. App. at 306.[1] Thus, apart from the one remaining argument presented by the State that is discussed below, it would appear clear that this Court lacks jurisdiction to hear a discretionary appeal by the State regarding the trial court's denial of the State's motion to recuse, because recusal is not one of the issues listed in OCGA § 5-7-1 as an issue appealable by the State. See *Ritter v. State*, 269 Ga. 884, 885-886 (2) (506 SE2d 857) (1998) (dismissing State's direct appeal of a denied

---

[1] *State v. Slavny*, 195 Ga. App. 818 (395 SE2d 56) (1990), is hereby overruled to the extent it, by allowing an appeal by the State of an issue not listed in OCGA § 5-7-1, is inconsistent with this Court's instant decision.

motion to recuse in a death penalty case).

The State raises the additional argument, never before addressed by this Court,[2] that an appeal by the State concerning a matter not listed in OCGA § 5-7-1, such as the denial of the State's motion to recuse the trial judge at issue in this case, is permissible under the interim review procedure applicable to death penalty cases. The interim review procedure is set forth by statutes and by the Unified Appeal Procedure. OCGA §§ 17-10-35.1; 17-10-35.2; 5-6-34 (c); U.A.P. II (F). It permits either party to seek pre-authorization from the trial court to seek an appeal before this Court and, if successful in obtaining that pre-authorization, to have an application for appeal considered by this Court. OCGA § 17-10-35.2; U.A.P. II (F) (1), (2). However, it also provides that the parties may seek appeal only of matters that constitute arguably-reversible error. OCGA § 17-10-35.1 (a); U.A.P. II (F) (3). We find that this limitation to matters of arguably-reversible error emphasizes that the interim review procedure was not intended to expand the scope of matters over which the State may appeal in death penalty cases but, instead, was designed to correct as many reversible errors as possible before lengthy and costly death penalty trials are begun rather than allowing possible reversible errors to lie uncorrected until direct appeal.

Because we hold that the interim review procedure is no more permissive regarding the subject matters over which the State may appeal than the statutes governing appeals by the State in ordinary criminal cases, and because the denial of a motion to recuse is not among the issues listed in OCGA § 5-7-1 as appealable by the State in criminal cases, we conclude that we lack jurisdiction to consider the State's claim that the trial court erred by denying the State's motion to recuse in this case. Accordingly, this case must be dismissed.

*Appeal dismissed. All the Justices concur.*

CARLEY, Justice, concurring.

As in *Ritter v. State*, 269 Ga. 884 (506 SE2d 857) (1998), I must again concur reluctantly in the dismissal of this appeal by the prosecution of the denial of its motion to recuse the trial judge presiding over a criminal proceeding. In my concurrence in *Ritter*, I encouraged "the General Assembly to follow the example of our sister state of Louisiana and to amend OCGA § 5-7-1 so as to permit the

---

[2] This Court has considered interim review appeals by the State of matters not listed in OCGA § 5-7-1 in several previous cases; however, neither the parties nor this Court raised the question of jurisdiction in those cases. *State v. Johnson*, 276 Ga. 78 (576 SE2d 831) (2003); *Smith v. State*, 275 Ga. 715 (571 SE2d 740) (2002); *State v. Lucious*, 271 Ga. 361 (518 SE2d 677) (1999).

State to bring an appeal from the denial of its motion to recuse in a criminal case." *Ritter v. State,* supra at 887.

Since then, a Pennsylvania court has held that an order denying the prosecutor's motion for recusal is appealable under a rule which permits appeal from collateral orders. *Commonwealth v. Stevenson,* 829 A2d 701, 704 (Pa. Super. 2003). I also think that it is noteworthy that the Court of Criminal Appeals of Texas has recognized the importance of this issue by holding that the prosecutor, in the absence of a right to appeal from the denial of a motion to recuse, may be entitled to mandamus relief. *State ex rel. Millsap v. Lozano,* 692 SW2d 470 (Tex. Crim. App. 1985) (en banc) (cited in *De Leon v. Aguilar,* 127 SW3d 1, 6 (Tex. Crim. App. 2004)).

Accordingly, I again urge the General Assembly to permit the State to appeal from the denial of a motion to recuse in a criminal case, since the correct determination of the issue of recusal, regardless of who raises it, is critical to the integrity of the entire trial process.

I am authorized to state that Justice Hunstein joins in this concurrence.

DECIDED SEPTEMBER 27, 2004.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Hasty, Pope & Ball, Marion T. Pope, Jr.,* for appellant.

*Thomas M. West, Robert H. Citronberg, Holly L. Geerdes, James C. Bonner, Jr.,* for appellee.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Carl P. Greenberg,* amici curiae.

