S05W1745. CONKLIN v. TERRY.
(616 SE2d 453)

ORDER OF THE COURT.

Upon consideration of the application for a certificate of probable cause to appeal, it is ordered that it be hereby denied.

The Motion for Stay of Execution is also denied.

*All the Justices concur, except Sears, C. J., and Melton, J., who dissent.*

SEARS, Chief Justice, dissenting.

Indisputably, the facts associated with Conklin's crime are perverse and vile. Courts are still bound, however, to ensure that the constitutional promise of Due Process is upheld in **all** criminal prosecutions. As outlined below, Conklin was tried, convicted and sentenced in proceedings that violated this constitutional mandate.

 • Conklin was rushed to trial a mere 37 days after the appointment of his overworked public defender. The trial judge repeatedly denied requests to continue, despite counsel's lack of preparation.[1] The haste with which this death penalty case was tried rendered the proceedings unfair and rendered counsel presumptively ineffective.[2]

 • The trial judge unreasonably denied Conklin the $2,500 he required to obtain expert forensic and medical testimony. The circumstances of this case are such that, without that testimony, Conklin was stripped of his right to present a credible defense in both the guilt and sentencing

---

[1] Preparations in death penalty prosecutions always last several years and regularly involve pretrial appeals to this Court. See *State v. Martin*, 278 Ga. 418 (603 SE2d 249) (2004); Unified Appeal Procedure, Rule II (F), (G), (H).

[2] See *United States v. Cronic*, 466 U. S. 648, 659-660 (104 SC 2039, 80 LE2d 657) (1984).

phases of his trial.[3] Applying federal standards, the Eleventh Circuit held this violated Conklin's rights under the Fourteenth Amendment;[4] the same is obviously true under Georgia's less stringent standard.[5] Furthermore, recent changes in our state law governing this issue[6] negate any res judicata effect of our ruling in Conklin's direct appeal.[7] Were Conklin tried today for his crimes, these changes clearly would entitle him to the expert testimony he required to mount a credible defense.

• The transcript is replete with instances where the trial judge openly displayed animus and hostility toward Conklin and his counsel.

• Although the State's main witness, an expert forensic pathologist, informed prosecutors before trial that an autopsy of the victim revealed no evidence that the killing involved "planning, intent, torture or depravity," prosecutors argued otherwise to the jury.

Conklin was denied numerous fundamental rights which our system of jurisprudence has always recognized. The proceedings in this case were so contrary to the constitutional precepts of due process and fairness as to render the conviction and sentence manifestly unjust.[8] Accordingly, this Court should stay Conklin's execution, grant the certificate of probable cause and remand for a new trial.

MELTON, Justice, dissenting.

I dissent only as to this Court's ruling as it relates to the denial of an independent expert witness. In 1985, this Court previously denied Conklin's claim under *Ake v. Oklahoma*, 470 U. S. 68 (105 SC 1087, 84 LE2d 53) (1985) which, ordinarily, would serve as a procedural bar. However, since that time, this Court has considered and decided *Ake* claims using a more detailed standard. See *Roseboro v. State*, 258 Ga. 39 (365 SE2d 115) (1988). Using the more detailed

---

[3] See *Ake v. Oklahoma*, 470 U. S. 68, 77 (105 SC 1087, 84 LE2d 53) (1985) (a criminal trial is fundamentally unfair if the State "proceeds against an indigent defendant without making certain he has access to the raw materials integral to the building of an effective defense.").

[4] *Conklin v. Schofield*, 366 F3d 1191, 1209 (2004). The federal court concluded, however, that the violation was non-prejudicial. 366 F3d at 1210.

[5] See *Bright v. State*, 265 Ga. 265, 269 (455 SE2d 37) (1995).

[6] Id.

[7] See *Bruce v. Smith*, 274 Ga. 432, 434 (553 SE2d 808) (2001).

[8] See *Maddox v. State*, 278 Ga. 823, 824 (607 SE2d 587) (2005).

standard, a panel of the Eleventh Circuit Court of Appeals unanimously determined that the trial court acted unreasonably in denying Conklin the funds necessary to present an effective defense. *Conklin v. Schofield*, 366 F3d 1191, 1209 (2004).

I further conclude that this denial was prejudicial with respect to the sentencing phase of Conklin's trial under the standard announced in *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). In the sentencing phase of the trial, the State has the burden of proof to show that the aggravating circumstances exist to warrant the imposition of the death penalty. Conklin sought to obtain an independent expert to further challenge the conclusions of the state's pathologist with regard to the timing of the knife wounds.

The evidence of Conklin's guilt is overwhelming. The denial of an expert witness in the guilt/innocence phase, therefore, is not substantial. However, the denial of an independent expert witness is substantial to combat the State's expert witness on the question of whether the aggravating circumstances exist to warrant the imposition of the death penalty. The timing of the knife wounds is critical to the question of whether Conklin tortured the victim or, instead, went to extreme measures in an effort to dispose of the body which was Conklin's sole defense. Based on the foregoing, I would grant the stay and certificate of probable cause on this basis and, accordingly, conclude that a new sentencing trial is warranted.

ORDERED JULY 12, 2005.

*Mark E. Olive*, for appellant.
*Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General*, for appellee.