# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1569.  THE STATE v. GINA MARIE GIANNONE.**

Gina Marie Giannone was charged by accusation with misdemeanor simple battery, but after conducting an evidentiary hearing, the trial court determined that she was immune from prosecution under OCGA § 20-2-1001(b). On October 10, 2025, the trial court entered a nolle prosequi order submitted by the State. The order included a notation, signed and dated by the assistant solicitor general, that Giannone's record should be restricted from public access. On December 12, 2025, the State filed a Motion to Correct Clerical Error, contending that the assistant solicitor general had mistakenly marked on the submitted order that Giannone's record should be restricted. On January 16, 2026, the trial court entered an order denying the State's Motion to Correct Clerical Error, finding that there had been no clerical mistake and that Giannone was entitled to have her record restricted under OCGA § 35-3-37(h)(2)(A). It is from that order that the State now appeals.

We lack jurisdiction. "Because OCGA § 5-7-1(a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1(a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74(1) (849 SE2d 401) (2020) (citation modified).  In its notice of appeal, the State asserts that it is entitled to file a direct appeal from the trial court's order pursuant to OCGA §§ 5-6-34(a)(1) and (a)(12).[1]

---

[1]OCGA § 5-6-34(a)(1)(B) authorizes a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as

But "the State has no right to appeal under OCGA § 5-6-34 or any other provision of the Appellate Practice Act." *State v. Cash*, 298 Ga. 90, 93(1)(b) (779 SE2d 603) (2015) (citation modified). See OCGA §§ 5-6-33(a)(1) (granting right of appeal under the Appellate Practice Act only to "[e]ither party in any civil case and the defendant in any criminal proceeding in the superior, state, or city courts, or in the Georgia State-wide Business Court"), 5-6-33(b) ("This Code section shall not affect Chapter 7 of this title."). Because the trial court's order does not fall within one of the limited circumstances in which the State has a right to appeal under OCGA § 5-7-1(a), this appeal is hereby DISMISSED. See *Cash*, 298 Ga. at 94(1); *State v. Smith*, 268 Ga. 75, 76 (485 SE2d 491) (1997).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/11/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

provided in Code Section 5-6-35." OCGA § 5-6-34(a)(12) authorizes a direct appeal from "[a]ll judgments or orders entered pursuant to Code Section 35-3-37."

2